An opinion was filed in this cause on December 19, 1932, after final hearing. The opinion concluded with the statement that relief should be granted as to certain shares of stock of the defendant corporation and denied as to a block of one million shares. The complainants now move for a rehearing for the purpose of opening up again the question touching the million share block. Their petition sets forth the grounds on which they rely as being newly discovered evidence. The proposed newly discovered evidence is stated in the petition to be such as to show that Turner did on August 22, 1922, the date of the contract referred to in the opinion, surrender to the defendant corporation one million shares of its stock for transfer and delivery to Lewis Oil Company. This was the pivotal question at issue and the opinion heretofore filed finds that the complainants had failed to establish the surrender for transfer as it was incumbent upon them to do.
Affidavits are attached to the petition which reveal the nature of the testimony which the petitioners say they will produce on rehearing in support of the alleged surrender for transfer. The proposed testimony would show (1) that when the contract of August 22, 1922, was executed, Turner and Corley who were respectively president and secretary of the Virginia Production Company, made out and signed a certificate in the name of Lewis Oil Corporation for one million shares of the Virginia Company's stock; and (2) that Turner stated that he had surrendered to the Virginia Company all the stock necessary to support the issuance of the said certificate for one million shares to the Lewis Oil Company.
[1-4] The proposed evidence is not new. The only new thing about it is that new witnesses have been found who will testify to it. It is merely cumulative testimony. Without pausing to consider the propriety of opening this case for the sole purpose of receiving cumulative testimony — waiving that question — I *Page 403 
think there is nothing by way of merit in the proposed new testimony which would warrant an opening up of the case. My reasons for that statement are disclosed by what follows. As to (1) above referred to, the fact that Turner and Corley made out and signed a new certificate was not disputed. It may be taken, as the opinion heretofore filed in substance took it, to be an undisputed fact. Why, then, should further witnesses be heard to establish it? The effect of the opinion is that unless a certificate for one million shares had been surrendered and endorsed for transfer by Turner and his associates, the act of the officers of the Virginia Company in filling up a new certificate in the name of the Lewis Oil Company for Turner's one million shares was unauthorized and nugatory. As to (2), it amounts only to this — that witnesses will say, as others have already appeared and said, that Turner was heard to admit that he had surrendered to the Virginia Company one million shares for transfer to the Lewis Oil Corporation. If the proposed testimony were received and the truth of it accepted along with the testimony already in the record to the same effect, how can the Virginia Company be bound by it? It will not do to compel a corporation to issue a certificate for shares of stock standing in the name of a stockholder on the bare showing that the stockholder had told someone that he had surrendered a number of shares to the corporation sufficient to match the number now sought to be obtained. The corporation is entitled for its own protection to have a supporting certificate, duly endorsed for transfer, delivered into its possession, before it is compelled to issue another certificate evidencing a new owner for the shares which are claimed to have been transferred.
[5] If the complainants are in fact entitled to be the owners of the million shares which they claim Turner obligated himself to deliver to the Lewis Oil Company, they should proceed against Turner in an appropriate manner, seeking an adjudication of their rights against him and, if they prevail, a decree ordering him to deliver according to his alleged agreement.
[6] The corporation is a neutral party in such a controversy as that. All that is decided in the pending suit is, that it is not shown that the necessary shares have been surrendered to the Virginia Company for transfer to the complainants or the corporation for which they are receivers. The proposed new testimony, if received, would not alter the result. The motion will therefore be denied. As to the complainants' rights against Turner, this court is not called upon by the pending bill either to make a finding or to express an opinion.
Order accordingly.
 *Page 334