(No. 23202.—

Chicagoland Agencies, Inc., Appellee, *vs.* Ernest Palmer, Director of Insurance, Appellant.

*Opinion filed June 17, 1936.*

OTTO KERNER, Attorney General, and JOHN B. HARRIS, for appellant.

A. M. FITZGERALD, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

The plaintiff, Chicagoland Agencies, Inc., appellee, is an insurance agent and insurance broker heretofore licensed by the Director of Insurance (hereinafter called the director). On October 23, 1934, the director purported to revoke each license pursuant to the provisions of section 11 of "An act providing for the qualification and license of

insurance agents and solicitors," etc., (Ill. State Bar Stat. 1935, chap. 73, par. 573, p. 1935,) and section 11 of "An act providing for the qualification and license of insurance brokers and solicitors," etc., (Ibid. chap. 73, par. 595, p. 1938). The plaintiff filed in the circuit court of Sangamon county its petition for a writ of *certiorari* to review the action of the director, alleging that section 11 of each of such acts is unconstitutional. The cause was tried on a stipulation of facts. The trial court quashed the record. The director brings the cause here on appeal.

Section 11 of the first named act is as follows:

"Sec. 11. A certificate issued under this act may be revoked and/or a renewal thereof refused by the director, if after due investigation and a hearing either before him or before any salaried employee of the insurance department designated by him whose report he may adopt, he determines that the holder of such certificate

"(*a*) has violated any provision of the Insurance law; or

"(*b*) has intentionally made a material mis-statement in the application for such certificate; or

"(*c*) has been guilty of fraudulent or dishonest practices; or

"(*d*) has demonstrated his incompetency or untrustworthiness to transact the insurance agency business."

Section 11 of the Brokers act is identical in language, except in subdivision (*d*) the words "brokerage business" are used instead of "agency business."

It is earnestly urged by the director that each section is a constitutional and reasonable regulation, while the plaintiff insists that section 11 attempts to delegate to the director, and any salaried employee of his department, arbitrary powers of a legislative or judicial nature, and that the law is incomplete, uncertain and vague.

The insurance business affects practically all branches of industry. It is written also against the hazards of health and life of a vast number of citizens and is generally re-

garded by the business world, the heads of families and others as a necessity. It deals with the public generally, and is subject to regulation under the police power of the State. (*North American Ins. Co.* v. *Yates,* 214 Ill. 272.) The regulation, however, must be within reasonable limitations. It is the law that where a business is subject to regulation by the State the legislature may grant discretionary powers to administrative boards created for .that purpose, which may grant or refuse permission to pursue such occupation, business or profession, but such law must be complete in itself in order to afford due process. An attempted regulation beyond the constitutional limitations is neither justified nor valid. No discrimination against the insurance business different from that of any other business impressed with the public interest is warranted in the application of regulations under the police power. *Integrity Mutual Ins. Co.* v. *Boys,* 293 Ill. 307.

The "due investigation and hearing" prescribed for the revocation of the license of either an agent or broker provides that the "hearing" may be had before any salaried employee of the insurance department designated by the director. No standard to sit as arbitrator or judge on the part of such employee is required other than that he be on salary. No knowledge of· the rudiments of the business of insurance agent or broker is requisite. The only test is whether such employee is on salary and has been designated by the director. It is thus possible, provided such employee has been designated by the director, for a stenographer, book-keeper or janitor on salary under the director, to act as judge at the hearing of charges made against an agent or broker which may involve a property right in business of great value. The statute does not undertake to prescribe the qualifications necessary to conduct the business of an insurance broker or agent, nor is any board created the members of which are required to be trained or learned in that business, with rules of procedure created

by the act, as in the cases of *Klafter* v. *Examiners of Architects,* 259 Ill. 15, *People* v. *Apfelbaum,* 251 id. 18, and *Ramsay* v. *Shelton,* 329 id. 432, relied upon by the appellant.

What does the term "due investigation," used in section 11, contemplate? The director is left without restraint to interpret that phrase. It is possible that each succeeding director may place a substantially different meaning upon it. Even a salaried employee designated from time to time by the director might differ in his interpretation of the term from that of some previous salaried employee so acting, as to the character and type of investigation to be heard on the inquiry before him. It is significant that no charges are required to be filed under any of the four subdivisions of section 11. No provision is made for the giving of notice of such charge to the agent or broker under investigation so that he may know what accusation he is to meet, and prepare his defense, if any; no place is fixed for the hearing nor the manner or the giving of notice thereof; no procedure is prescribed for the production or consideration of the evidence, subpœnaing of witnesses, administering of an oath thereto nor the preservation of the record. These usual and necessary incidents to a "hearing," as that term is commonly understood, are lacking, but the director, alone, determines what manner of hearing will be had and the procedure to be followed.

An act, to be valid, may not be vague, indefinite and uncertain but must be complete when it leaves the legislature and be sufficiently explicit to advise everyone what his rights are under it and how he will be affected by its operation. (*Mayhew* v. *Nelson,* 346 Ill. 381; *People* v. *Emmerson,* 325 id. 357; *People* v. *Beekman & Co.* 347 id. 92; *People* v. *Federal Surety Co.* 336 id. 472; *Vallat* v. *Radium Dial Co.* 360 id. 407.) For the court to undertake by judicial construction to supply omissions and cure defects in those matters which are within the legislative

sphere would be violative of article 3 of our constitution. *Boshuizen* v. *Thompson & Taylor Co.* 360 Ill. 160; *Mayhew* v. *Nelson, supra.*

The tests applicable to the statute are whether it is a complete act and whether it conforms to the constitution. If the law fails to pass such tests the provision for review of the director's acts by *certiorari* does not raise its grade to the passing point. (*People* v. *Beekman & Co. supra.*) The powers attempted to be conferred upon the director are so arbitrary, unlimited and unrestrained that such powers are in direct conflict with the constitutional command that the legislature may not delegate its legislative function to any person or body. *People* v. *Beekman & Co. supra; People* v. *Federal Surety Co. supra; People* v. *Emmerson, supra.*

The appellant urges that even if section 11 is held invalid the remainder of the respective acts may stand. We cannot yield to that position. It is obvious that the purpose of each act was to regulate the business of those acting as insurance agents or brokers by maintaining a standard of conduct to be followed by such parties, violations of which rules of deportment would result in the revocation of the agent's or broker's license. It is manifest that the other sections of the act are so dependent on section 11 that without it results might follow not within the legislative purview at the time of the enactment of the statutes. Nor can we say whether without this section here held obnoxious the legislature would have passed the law. In either situation the entire act must fail. *Chicago Motor Club* v. *Kinney,* 329 Ill. 120; *Springfield Gas Co.* v. *City of Springfield,* 292 id. 236; *Kellyville Coal Co.* v. *Harrier,* 207 id. 624; *Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540, 567, 46 L. ed. 679, 692.

Lastly, it is contended by the appellant that the plaintiff is estopped from questioning the validity of section 11. The director misapprehends the doctrine of estoppel. The

fact that the plaintiff has heretofore applied for and obtained licenses under the provisions of these acts does not estop it from attacking the validity of those statutes. The general rule is that estoppel can only be invoked by a party litigant against his adversary where the opponent has been guilty of such conduct as to induce belief on the part of the litigant, on which he has acted, in reliance upon the truth of or correctness of the state of facts. In that situation the adversary is not permitted later to stultify his own acts or conduct, for to permit him to do so would produce a fraudulent or inequitable result. (*People* v. *Federal Surety Co. supra; People* v. *Beekman & Co. supra.*) The plaintiff is not estopped from challenging the legality of the statutes in question.

On leave granted by this court the director has cited as additional authorities supporting his position, *Kreutzer* v. *Westfahl,* 187 Wis. 463, 204 N. W. 595, *People* v. *Reid,* 136 N. Y. Supp. 428, and *Stern* v. *Metropolitan Life Ins. Co.* 154 id. 472, affirmed in 217 N. Y. 626, 111 N. E. 1101. An examination of those cases discloses that the statutory provisions there under consideration are not sufficiently akin to the statutes under consideration as to make such authorities decisive of the issues here. The case of *People* v. *Cross Co.* 361 Ill. 405, also cited on leave, is not persuasive of the correctness of the director's contention.

We have carefully considered all the authorities submitted by the director in defense of the legal soundness of the statutes before us. Without reviewing at length in this opinion all such cases, we conclude that such authorities do not support his contention that sections 11 are valid or that the decision of the trial court was erroneous.

The judgment of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*