In the Matter of Dixon Mills, Inc.,
Bankrupt.
**DIXON MILLS, INC., Appellant,**

v.

**DIXON NATIONAL BANK OF DIXON,
ILLINOIS et al., Appellees.**

No. 15199.

United States Court of Appeals
Seventh Circuit.

Feb. 16, 1966.

William E. Schirger, Rockford, Ill.,
Gerald T. Flynn, William R. Stroemer,
Racine, Wis., for appellant.

Jerome F. Dixon, Chicago, Ill., Warren H. Badger, Dixon, Ill., J. Richard Hull, Fairbury, Ill., George K. Ray, Luke R. Morin, Dixon, Ill., for appellees.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge:

A petition in bankruptcy for Dixon Mills, Inc., the named appellant, was filed by Nelson Rittenhouse as "sole stockholder." Mr. Rittenhouse claims to be the equitable owner of 100% of the capital stock of Dixon Mills. He alleges that he acquired this stock on his own behalf and on behalf of the creditors of Dixon Mills from George Wassenaar, the former owner by an assignment dated December 2, 1964, unaccompanied by the stock certificate itself which was then in the hands of Dixon National Bank. Mr. Rittenhouse claims that the Bank's refusal to deliver the certificate to him was illegal and in furtherance of a plan to prevent his acquiring legal title to the stock. He charges further that although he notified the Bank of his claim, the Bank nevertheless entered into a trust arrangement with George Wassenaar under which the Bank now asserts a power to conduct the affairs of Dixon Mills.

This appeal is taken from orders of the District Court denying Mr. Rittenhouse's motion for appointment of a receiver, allowing motion of "Dixon Mills, Inc., By Lawrence Yingling, President" to vacate the prior adjudication in bankruptcy, and to dismiss the debtor's petition in bankruptcy. The appellees are Dixon Mills, Inc.; Honeggers' and Company, lessee of certain assets as described below; and Dixon National Bank, Trustee.

The stock certificate in question was an exhibit in the hearing in the District Court. It shows ownership in George Wassenaar and is endorsed by him in blank under date of February 14, 1964. A trust agreement of the same date was executed by Mr. Wassenaar with Dixon National Bank, Trustee.

Under date of February 14, 1964, Mr. Wassenaar assigned all of the outstand-

ing stock in blank and delivered it to Dixon National Bank, in trust, which has retained physical custody of the certificate throughout the period, at least up until the time of this appeal. The agreement provided that if Mr. Wassenaar failed to find a purchaser of the assets of Dixon Mills, at a price equal to or in excess of all its liabilities, or a purchaser of the stock, with assurances that all the aforesaid liabilities would be paid or satisfactorily refinanced, by March 9, 1964, then the Bank would have the right to do so. The assignment of the stock was to be an assignment of voting rights. Mr. Wassenaar resigned as an officer and director of Dixon Mills, Inc.

The termination date of April 15, 1964, was extended by agreement on April 10, 1964 to June 1, 1964.

The agreement was again amended on June 1, 1964, to allow Dixon National Bank to extend it further for varying periods of not more than six months with the proviso that in the event of sale or lease the trust was to continue to complete the closing of such transaction, conditioned further on prior written consent of a general creditors' committee evidenced by signature of the committee chairman.

Repeated extensions were made extending the option to January 1, 1965. All of the option extensions executed by the trustee recite: "cc: George A. Wassenaar." The extensions to August 15 and October 1, 1964, carry handwritten acknowledgments of copy received by George A. Wassenaar. The extensions to November 1, 1964, and January 1, 1965, are not so endorsed.

Another trust agreement dated December 17, 1964, was executed by Mr. Wassenaar with the Bank. This December 17, 1964, trust agreement recites that the Bank had executed a lease of certain assets of Dixon Mills with Honeggers' and Company, and that the parties confirm and approve such action and set forth the terms under which the Bank shall administer Dixon Mills for the benefit of its general and secured creditors and owner. The aforesaid assignment of the stock certificate is confirmed and reassigned. When all claims are paid in full, the shares of stock are to be assigned and reissued to Mr. Wassenaar.

Since December 17, 1964, the officers of Dixon Mills have been Lawrence Yingling, president; Arnold Spangler, vice-president; and James Green, secretary and treasurer. The board of directors has been meeting. Neither the president nor the directors authorized the filing of a petition in bankruptcy.

Mr. Rittenhouse testified that at the time of the assignment December 2, 1964, he had been assistant to the president and chairman of the general creditors' committee. The president at that time was Mr. Wassenaar. Mr. Green testified that the position of assistant to the president was eliminated on December 17, 1964, when the new officers were elected. Mr. Rittenhouse testified further that the assignment to him was not to be retained for his own benefit, and that he was to execute a trust and transfer the stock to the trust for the benefit of Dixon Mills' creditors, but that the draft of such a trust instrument was never completed. No transfer of the stock from Mr. Wassenaar to Mr. Rittenhouse was ever made on the books of the corporation and thus Mr. Rittenhouse never secured the rights and privileges of a stockholder.

Dixon Mills is a Delaware corporation. The laws of Delaware require surrender of the stock certificate to the corporation in order to effect a transfer. Berl v. Virginia Production Co., 1932, 19 Del.Ch. 113, 163 A. 641, 643, and, 1933, 19 Del.Ch. 277, 166 A. 402, 403. The mere equitable owner of stock is not entitled to exercise the rights and privileges of a stockholder. Salt Dome Oil Corporation v. Schenck, 1945, 28 Del. Ch. 433, 41 A.2d 583, 585, 586. The Uniform Stock Transfer Act requires delivery of stock and assignment to pass legal title for all purposes. Shinsaki Nogano v. McGrath, 7 Cir., 1951, 187 F. 2d 753, 756.

The mere act of notifying the Bank did not create an element of estoppel in this case. No act or representation of the Bank induced Mr. Rittenhouse to take the steps he did. Chicagoland Agencies v. Palmer, 1936, 364 Ill. 13, 19, 2 N.E.2d 910, and cases there cited.

As a stranger to the corporation, Mr. Rittenhouse had no authority to institute a voluntary proceeding in bankruptcy on behalf of the corporation.

The orders of the District Court denying motion to appoint a receiver, vacating prior adjudication in bankruptcy, and dismissing petition in bankruptcy, are affirmed.

Affirmed.