SAM BARNA et al.

v.

KONSTANTINE KIRCZOW et al.

[Decided April 24th, 1906.]

1. A bill by persons claiming to be trustees of a religious association incorporated under "An act to incorporate associations not for pecuniary profit," providing that the business of the association shall be conducted by trustees elected by the members, who shall hold office for one year, and until their successors shall be elected, which alleges that other persons claiming to be trustees threaten to refuse to the congregation admission to the church building, states a cause for equitable relief, the members of the association being beneficiaries for whom the property is held in trust.

2. Where a proceeding, whatever its form, only involves a controversy as to which of two sets of rival officers of a corporation is legally elected, the jurisdiction to determine the controversy is exclusively in a court of law, and *quo warranto* is the proper remedy to test the question where no other statutory method has been substituted therefor.

The bill in this suit was filed on the 10th of January, 1906. It alleged that the complainants, Barna and two others, were members in good standing of the Little Russian Greek Catholic Church of St. Peter and St. Paul of Jersey City, an association incorporated under an act entitled "An act to incorporate associations not for pecuniary profit;" that the three complainants, together with two others, were elected trustees of said church in the year 1904 to serve for the year 1905, and that the two other trustees, who were not complainants, had withdrawn from the association and left the State of New Jersey; that the priest of the church had given notice therein, upon certain days preceding December 29th, 1905, of a meeting of the members of the church to be held on the last-named date for the purpose of electing trustees and officers of the church for the year 1906; that upon the evening of December 29th, 1905, this meeting was held, but that there were two factions in the church, and they raised such

a disturbance that the police officers broke up the meeting before it had transacted any business.

The two factions are named from their respective leaders, the Barna faction being represented by the complainants and the Kirczow faction by the defendants. The allegation of the bill is that the Kirczow faction raised the disturbance which resulted in the interference of the police with the meeting of December 29th; that Kirczow and his followers, upon the evening of January 3d, 1906, attempted to hold a meeting in the basement of the church, but since such meeting had not been called in the customary manner, by the announcement of the priest, they were denied admittance to the church and withdrew to a hall in the vicinity and there pretended to hold an election. The bill then charges that the persons voted for at the meeting of January 3d, held by the Kirczow faction, were not legally chosen or elected to their offices; that the meeting was not properly called or held, and that those that attended constituted but a small minority of the congregation, and were not qualified to vote for offices or hold them; that they had not contributed to the support of the association, and were not members of the association; that on Sunday, January 7th, 1906, Kirczow and his adherents, alleging that they had been elected at the meeting held by them on January 3d, forcibly and illegally took possession of the church and collected the moneys therein contributed, and refused on demand to deliver the same to the hold-over officers, as aforesaid; that the persons elected at the Kirczow meeting hold themselves out as officers, and have destroyed and removed the locks and fastenings upon the gateway and entrance to the church, its halls and meeting-rooms, and replaced them with other locks, of which they keep the keys, and are barring out the members of the association therefrom; that on the 7th of January, 1906, the priest, in accordance with the custom, announced from the pulpit that on January 10th, at eight o'clock in the evening, a meeting of the congregation would be held, in place of the abortive meeting of December 29th, for the purpose of electing trustees and officers of the church, and that Kirczow and the officers elected at his meeting threatened to refuse ad-

mission to the congregation on that evening to the hall of the church.

An injunction was prayed restraining the Kirczow officers or faction from barring the officers and members of the church from the edifice, and commanding them to deliver to the hold-over officers the keys to the locks and fastenings placed by them upon the church.

Upon this bill an order to show cause was granted, returnable on the 15th of January, with *ad interim* restraint against any-one hindering or preventing the access of the priest and the members of the congregation to the church upon any day, dates or occasions when, according to the customary use of the church, it should be open to the aforesaid persons.

Nothing further was done with respect to this order to show cause, but subsequently the defendants filed their answer, to-gether with a cross-bill. This answer admits that the complain-ants are members of the church, and that it is an association incorporated under the act to incorporate associations not for pecuniary profit. It denies that the persons elected in 1904 for the year 1905 were the duly elected trustees of the association, and denies that the officiating priest is the regularly appointed priest. It admits that no by-laws or rules of conduct had, up to the 3d of January, 1906, been adopted by the association. It admits that the meeting of December 29th was broken up before any action was taken, but places the blame for the disorder upon the Barna faction. It recites the happenings of January 3d, and alleges that at a hall in the vicinity of the church an elec-tion was duly held, at which duly qualified members of the asso-ciation elected the defendants trustees and officers of the asso-ciation. It admits that Kirczow changed the locks upon the church and took possession, but recites that, as a trustee and president, duly elected at the meeting held January 3d, he had a right to change the fastenings and to take possession. It admits that the priest, on January 7th, 1906, announced a meet-ing to be held January 10th for the election of trustees and officers, but insists that he did so contrary to the instructions of the defendants, who are the trustees and officers.

The cross-bill, among other things, charges that on the 30th

of December the priest was requested to call a meeting of the association for January 3d; that he did not do so, and notice was given by circulars of such a meeting, and that on the evening of January 3d members gathered in front of the church, which was locked, and thereupon they went to a hall in the vicinity of the church and held a meeting, at which the persons named (who are those heretofore referred to as of the Kirczow faction) were elected to the various offices in the association; that thereafter, and on Sunday, January 7th, the priest of the church announced that a meeting for the purpose of holding an election of officers and trustees would be held on January 10th; that Kirczow attended this meeting and called it to order, and that a motion at such meeting was made to ratify and approve the minutes of the meeting of January 3d and the election held upon that day, and that this motion was carried, as was a motion to adjourn; that Barna, the leader of the other faction, was then elected the chairman of the meeting by those remaining, and that those remaining then held an election for all of the said offices and filled each, and that the officers thus elected threatened to eject the officers elected by the Kirczow faction, or to interfere with them in the performance of their duties; that the Barna faction, through its officers, are collecting moneys due the church and interfering with the collector appointed by the Kirczow faction; that the real estate belonging to the association is of great value, being worth at least $25,000; that there is a mortgage of $12,000 against it, and several judgments against the church, and that interest on the overdue debts is now accumulating, and the dues and other moneys receivable by the association to pay its debts will be uncollected or diverted, and that this will cause the failure of the purpose for which the association was formed, to the great detriment of the members of the same; that the two bodies claiming to be trustees have on numerous occasions come into personal conflict in the church edifice, in the presence of the congregation, and that many members, in consequence, have left the church, and others threaten to leave, and that the contributions and regular payment of dues are falling off because of dissatisfaction with the existing situation.

The prayer of the cross-bill is that the officers and trustees elected at the meeting of January 10th may be restrained from acting and performing the duties of their offices, and may be restrained from interfering with the defendants in the performance of their duties as officers, and from interfering with the property belonging to the association, and with the collecting of the dues and other moneys payable to the association.

To this answer a replication was filed by the complainants, and to the cross-bill an answer was filed. It is unnecessary to recite the allegations of the answer to the cross-bill in any detail. It denies that the meeting of January 3d, held by the Kirczow faction, was valid, and charges that the meeting of January 10th, in the hall of the church, was regularly called in the customary manner, and was a valid meeting, and that their officers chosen thereat were elected by a majority of the people there present, and that such majority were members of the church or association, and should be so declared.

*Mr. Herbert C. Gilson* and *Mr. James H. Hamill,* for the complainants.

*Mr. Harry B. Brockhurst* and *Mr. Adolf L. Engelke,* for the defendants.

GARRISON, V. C. (after stating facts).

Although the purpose of the incorporation of this association was to maintain a place of religious worship, and the use to which it puts its money and property is religious, it is not incorporated under any act regulating religious bodies, and I know of no statutory law of this state relating to religious corporations, or of any church law of any specific denomination or creed, which bears upon the situation presented in this suit.

The association is incorporated as an association not for pecuniary profit, and is now regulated by the laws of 1898. *P. L. 1898 p. 422.* The pertinent provisions of that act are contained in the fourth section (*P. L. 1898 p. 423 et seq.*), and are as follows:

"The business of the association shall be conducted by the trustees, subject to the by-laws which shall be passed by the members; the trustees shall be elected by the members and shall hold office for one year, or such term as the by-laws provide, and until their successors shall be elected; a majority of the trustees must be residents of this state."

This association never passed any by-laws, and never had any written constitution, by-laws or other rules of any kind.

The charges in the bill filed in this suit made a case cognizable in equity. If the defendants were closing this church building against the members of the association, who were *cestui que trustent* for whom the property was held in trust, a proper case for the intervention of equity arose. *Morgan* v. *Rose, 22 N. J. Eq. (7 C. E. Gr.) 583; Whitecar* v. *Michenor, 37 N. J. Eq. (10 Stew.) 6; Everett* v. *Trustees of Church, 53 N. J. Eq. (8 Dick.) 500.*

The proofs, however, fail to sustain the charges of the bill in respect to any prevention by the defendants of the free use of the church building at all proper times by the members of the association. The proofs do show that the persons elected at the meeting held on the 3d of January, 1906, denominated the "Kirczow faction," changed the locks on the building and took possession of the property; and the real purpose of the bill undoubtedly was to attack the validity of the election of these officers.

The allegations of the answer of these officers elected at the meeting of January 3d and the charges in their cross-bill affirm the validity of the election of January 3d, and, in addition, set out the facts concerning the election held on January 10th, and charge that their own election was ratified and confirmed at the meeting of January 10th, and that the action taken at that meeting, which purported to be an election at which adherents of the Barna faction were chosen for the same offices, was invalid.

The replication to this answer and the answer to the cross-bill deny the claims of the Kirczow faction that its officers were elected, and affirm the validity of the election of the adherents of the Barna faction.

It is thus apparent that the real issue which the pleadings

seek to raise, and which each of the two parties is earnestly desirous of having this court determine, is which of the two sets of trustees and officers was duly elected.

This corporation has property of considerable value, owning a church building which, with the land, is estimated to be worth in the neighborhood of $30,000. It is encumbered with a mortgage, and there are some judgments against it. The sole source of revenue is from the voluntary contributions. The collection and disbursements of these moneys is under the direction and control of the board of trustees. While there is the doubt at present existing as to which is the legal body of trustees, there is grave danger that these voluntary contributions will diminish greatly, if not entirely cease. Cessation of income from this source leaves this property entirely without means of being kept up, and will result in its loss to the association. A situation is therefore presented in which any court having jurisdiction would speedily give relief. I have therefore endeavored to ascertain by careful investigation and consideration whether there is any head of equity jurisdiction which would enable the court of chancery to decide the real question sought to be settled in this suit.

That question, undoubtedly, is solely one as to the validity of the election of officers of an incorporated association.

I can find no warrant for a court of equity deciding a case in which this is the sole issue. There are cases in which a court of equity may determine this question when it is incidental to the determination of a case of equitable cognizance. *Johnston* v. *Jones, 23 N. J. Eq. (8 C. E. Gr.) 216.*

But where the proceeding—whatever may be its form—is nothing more nor less than a controversy as to which of two sets of rival officers of a corporation are its legally elected representatives, the jurisdiction to determine the controversy is exclusively in a court of law. *Kean* v. *Union Water Co., 52 N. J. Eq. (7 Dick.) 813 (Court of Errors and Appeals, 1894)*, and cases therein cited. See, also, *Miller* v. *English, 6 N. J. Eq. (2 Halst.) 304.*

If the corporation is one to which the General Corporation

act applies, then application may be made to the supreme court under the forty-second section of the act.

*Quo warranto* is the proper remedy where no other statutory method has been substituted therefor. *State* v. *Crowell, 9 N. J. Law (4 Halst.) 390.*

Legislation which, by its terms, vested jurisdiction in the court of chancery to determine questions concerning the validity of corporate elections, was declared nugatory because unconstitutional. *Goldstein* v. *Ewing, 62 N. J. Eq. (17 Dick.) 69.*

And the court of chancery there again affirms the doctrine that the power to adjudicate upon the validity of elections of private corporations is solely in the supreme court.

I feel constrained, therefore, to hold that the court of chancery has no jurisdiction to determine which of the two sets of officers are the duly elected representatives of this incorporated association.

Since I find that the charges of the bill, which, if sustained, would, as above stated, have made out a case of equitable cognizance, were not sustained by the proofs, the bill must be dismissed, with costs, as must also the cross-bill.

Because, as has before been pointed out, the *cestui que trustent* of this property will undoubtedly suffer grievously, and may lose the property on account of the warring factions and the rival claimants to office, I hesitated for some time before concluding to dismiss the bill. Neither side will contribute its voluntary offerings to those whom it claims have no title to act as collectors or disbursers of the funds. A situation has therefore arisen in this corporation bringing it, perhaps, within the principle dealt with in *Sternberg* v. *Wolff, 56 N. J. Eq. (11 Dick.) 389,* and the cases cited therein, so that it might be proper to appoint a receiver to collect and disburse the moneys pending a determination of the rival claims to office. But since there is nothing left in this case to decide, and therefore there could not be herein any appointment of a receiver *pendente lite,* any such application could be better dealt with if originated by a new bill filed by those seeking such relief.

I will advise a decree as above stated.