In this suit complainant filed her bill on behalf of and for the benefit of the Ladies Auxiliary of the Congregation Agudath Achim Anshei Lodz, also known as the Ladies Auxiliary of the United Brotherhood Congregation. She prays that the ladies named as defendants be restrained from using the name of the Ladies Auxiliary of the Congregation Agudath Achim Anshei Lodz and that the men named as defendants be declared as constructive trustees of certain moneys collected at a certain entertainment sponsored by the Ladies Auxiliary and to turn over these moneys to the Ladies Auxiliary represented by complainant.
On the facts shown, complainant is not entitled to the relief for which she prays. Essentially, the question at issue is as to whether complainant and her group, or the group consisting *Page 244 
of the lady defendants, were elected at a certain election or elections of the society held in January, 1936. Before this dispute arose, the society had sponsored the entertainment referred to and had made a profit of several hundred dollars, which was at the time the dispute arose and still is in the hands of the men named as defendants. After the disputed election, both factions proceeded to claim to be the true society and both have demanded the money from those holding it. Unquestionably, the money will be paid over as soon as it is determined who are the duly elected officers of the society. The society, an unincorporated association, was affiliated with a synagogue until January of 1936 and seems to have functioned peacefully in connection therewith. A regular election of officers was called for on January 8th, 1936, at which time the rival factions nominated their candidates for office. The testimony is disputed as to which candidates received the majority of votes, each side claiming a victory in the balloting. It is certain that there was disorder at this meeting and that it broke up in more or less confusion, and that similar scenes attended later efforts to hold meetings of the society. As a result, each faction claimed that its proposed officers were the duly constituted officers of the society and accordingly there are two sets of officers, each claiming to function as the society.
Since the determining factor in this controversy is as to the validity of the election or elections held, I do not consider that this court has jurisdiction, since the remedy to determine that question is by quo warranto in a court of law. Barna v.Kirczow, 71 N.J. Eq. 196.
In addition, it would seem very doubtful as to whether complainant has the right to bring this suit purportedly in behalf of the society, without proof of her having been authorized to do so by some action taken by the society. Kline
v. Knights of the Golden Eagle, 113 N.J. Eq. 513.
 A decree will be advised dismissing the bill. *Page 245