Graceland Memorial Park Association, one of the defendants herein, moves to dismiss the bill on several grounds, one of which is that if complainant has any right to relief upon the facts alleged in the bill (which defendant does not concede) there is an adequate remedy at law. *Page 36 
The bill alleges that in the year 1935 defendant Graceland Memorial Park Association, then incorporated under the name of Sunset Park Cemetery Association, being the owner of a tract of land in the borough of Kenilworth, petitioned the borough council for a permit to locate a cemetery thereon; that the application was at first denied on the ground that to grant it would impose an uncompensated burden upon the community by reason of the statutory tax exemption of cemetery lands; that to overcome this objection the association offered to waive the tax exemption until such time as it should create a fund from the proceeds of the sale of plots, to be held by the borough collector, in such sum as that the interest thereon would be equivalent in amount to the future taxes upon the land, as nearly as they could be estimated.
The bill sets forth that the borough thereupon granted the permit sought by the association, after entering into a contract with it, performance of which was secured by a $10,000 bond upon which the defendants Young and Dowd were sureties, whereby the association agreed to the terms of its offer, the fund to be set up in the sum of $30,000, the association to create the same by the initial payment of $1,000 in cash and the payment of five per cent. of the moneys to be received by it upon the sales of cemetery plots and to file with the collector each month a statement of sales of plots and moneys collected therefrom; that the association paid the delinquent taxes and has continued to pay current taxes to date, as well as the $1,000 initial payment to establish the fund, but that it has failed and refused to file monthly statements or otherwise to account for its sales and collections, and to pay any further moneys into the fund.
The prayer is for discovery of plots sold and moneys collected therefrom, for an account of such moneys and for a decree for their payment to complainant.
Complainant argues that the bill is one for specific enforcement of the contract, but it is no more than a bill for the payment of money; the association's obligation (granting that the contract is valid and enforceable) is primarily for the payment of money. The discovery and accounting prayed *Page 37 
for are but incidental to the relief sought, that is, to the payment of five per cent. of the moneys so far collected up to the point at which the fund attains the total of $30,000.
An accounting in equity cannot be demanded as a matter of right or of course. The exercise of the equitable jurisdiction to compel an account rests upon three grounds — first, the existence of a fiduciary or trust relation; second, the complicated nature or character of the account; and third, the need of discovery.Bellingham v. Palmer, 54 N.J. Eq. 136; Crawford v. Watters,61 N.J. Eq. 284; DeBevoise v. H. W. Co., 67 N.J. Eq. 472;Daab v. N.Y.C. and H.R.R. Co., 70 N.J. Eq. 489; Burdick v.Grimshaw, 113 N.J. Eq. 591, 602.
Complainant argues that there is a trust relationship involved in this case because the borough collector was made depository of the fund and because the association is a charity in the legal sense. The argument is clearly untenable. The matter involved in this suit is simply whether the defendant is liable to pay money which it has contracted to pay. It is urged that the contract is contrary to public policy, a question of law which the law court may determine as readily as the court of equity. If complainant is right, no action on the contract may be brought in any court; if wrong, the action is one for the collection of money, cognizable at law. There is nothing in the question whether the contract is or is not in accord with public policy to warrant invoking the jurisdiction of this court.
The account sought by the bill is not an intricate or complicated one, within the definition established in Crawford
v. Watters, supra, viz.: "Where the issues necessary to be determined, in order to arrive at a just conclusion, are so numerous, and dependent upon such a variety of evidence, or of evidence of such a technical character, as that it is substantially impossible for a jury, retiring in the ordinary way to a jury room and obliged to carry all the oral evidence in their memories, to come, at one session, to anything like a just and proper conclusion." When it is disclosed how many plots have been sold, and the price paid to the association for *Page 38 
each, it is simple to calculate five per cent. of the amount of each purchase price.
The discovery prayed for in the bill is merely incidental to the accounting sought herein. Hence the bill cannot be supported as a bill for discovery; "the rule is entirely settled that where discovery is sought as a mere incident to some other main relief, if the principal relief is denied, the suit must be dismissed."Burdick v. Grimshaw, supra, and cases cited (at p. 604).
The motion to dismiss must prevail, on the ground that there is an adequate remedy at law.
NOTE — This opinion is printed in the Equity Reports by order of the Chancellor.