The complainants, Joseph and Grace Messina, filed this bill of complaint praying that the individual defendants and Cooperate Service Co. be restrained from interfering with the affairs of National Store Co. The bill also prays for an accounting; the determination of the ownership of certain shares of stock; the appointment of a receiver for National Store Co.; and a decree that Joseph Messina is the rightful president and a director of the National Store Co.
The defendants moved to strike out the bill of complaint on the ground that the complainants' allegations do not support a cause of action against the defendants cognizable in equity and that the complainants have a full, complete and adequate remedy at law.
After a careful consideration of the allegations of the bill, I have concluded that the contention of the defendants is correct.
The claim of Grace Messina is based on a loan of $2,000 made to National Store Co., $700 of which loan is secured by a chattel mortgage. The balance, $1,300, is evidenced by two promissory notes which Grace Messina holds and upon which interest payments have been made by the maker. The bill does not allege that these notes have matured or that a demand for their payment has been made or that there has been a breach in the terms of the chattel mortgage. It is not alleged that National Store Co. is insolvent. The relationship between Grace Messina and National Store Co. is a mere debtor-creditor relationship for which she has a full, complete and adequate remedy in the courts of law. *Page 314 
Joseph Messina's cause of action is predicated upon alleged fraudulent inducements of the defendant Louis B. Englander, a member of the bar of this state. The bill alleges that Messina left his former employment as a result of these inducements, became an officer and director of National Store Co., made loans amounting to $1,500 to the corporation and subsequently was ousted from the corporation as an officer and director.
Messina's claims against Englander are grounded in deceit for which the remedy at law is complete and adequate. His prayers that this court review the corporate election and reinstate him as an officer and director of the corporation are matters for which he has a complete and adequate remedy in the Supreme Court to test the validity of the corporate election. See R.S.14:10-16.
The bill prays for a simple accounting. An accounting in equity cannot be demanded as a matter of right. Unless the matters in controversy are very complex in nature or character, equity will not assume jurisdiction for the reason that there is available to the parties an adequate remedy at law. See Kenilworth Borough
v. Graceland, c., Association, 124 N.J. Eq. 35, 37.
The bill does not allege that National Store Co. has suspended its business for lack of funds or that its business has been conducted at a great loss and greatly prejudicial to its creditors or stockholders. In the absence of such allegations or that it is insolvent, complainants' prayer for a statutory receiver cannot be granted. See R.S. 14:14-3.
No cause of action of any nature is alleged against the Cooperate Service Co., Ida J. Wiener or Benjamin D. Braelow. The only grievance alleged with reference to the remaining defendant, George J. Janoff, is that Janoff replaced Messina as an officer of National Store Co. Messina may test the validity of the corporate election in the Supreme Court as I have indicated above.
For the reasons above stated, I reached the conclusion that the motion to strike the bill should be granted.
I have written this opinion after I rendered my decision from the bench for the reason that I understand an appeal has been taken to the Court of Errors and Appeals. *Page 315