**In re M. J. JOHNSON AIRCRAFT MFG. CO.**

No. B. 277–52.

United States District Court
D. New Jersey.

Feb. 26, 1953.

Crummy & Consodine, by John J. Gibbons, Newark, N. J., for persons filing original petition herein.

Daly, Hillis & McCormick, Francis X. McCormick, Newark, N. J., on behalf of stockholders.

Robert R. Daly, Newark, N. J., on behalf of Edwin C. Ray, a creditor.

MEANEY, District Judge.

In this proceeding the parties represent warring factions. On July 22, 1952, M. J. Johnson Aircraft Engineering Company (hereinafter referred to as the Debtor) filed a petition for an arrangement pursuant to Chapter Eleven of the Bankruptcy Act. See 11 U.S.C.A. § 701 et seq. This petition was signed in the name of the Debtor by one E. J. Clinton as president. The resolution authorizing the filing of this petition was certified by M. L. Daggett as secretary. On the following day, July 23, 1952, a petition for dismissal of the proceeding was filed, signed in the name of the Debtor by M. J. Johnson as president. Subsequently a hearing was held before the Referee in Bankruptcy, at which the petition for dismissal and an application for appointment of a receiver were at issue.

The facts out of which this internal quarrel arose are as follows: Originally the Johnson faction had stock control of the Debtor. Subsequently shares of stock, concerning which there is no dispute, were issued to one Daggett. The combined shares of Daggett and Clinton were sufficient to give the Clinton faction stock control of the Debtor. Johnson then issued 544 shares to himself as payment for moneys previously advanced to the Debtor. The validity of the issuance of these shares is sharply disputed. At a stockholders' meet-

ing Johnson attempted to vote these 544 shares, and his group, counting these shares, elected Johnson and others as directors. The Clinton faction, not counting the 544 shares, elected Clinton and others as directors. The Clinton Board of Directors authorized the filing of the petition.

There is, therefore, a question as to the validity of the resolution authorizing the filing of the petition. Determination of this question would necessitate an inquiry into the validity of the election and of the issuance of the 544 shares of stock. Resolution of these matters would, in turn, determine whether the petition may be entertained.

The Referee took the matter under advisement, and after submission of briefs issued a memorandum of findings of fact and conclusions of law. In this memorandum the Referee denied the petition to dismiss and appointed a receiver to institute a plenary suit to determine the rights of the two groups. The Johnson faction feeling aggrieved at this result, filed a petition for review.

The fundamental question posed by this proceeding is whether the Bankruptcy Court has jurisdiction in this matter. Of course it is fundamental that said Court has jurisdiction to entertain a petition for an arrangement. See 11 U.S.C.A. §§ 711–716. However, the petition filed in the matter sub judice has been attacked as being based on an invalid resolution. As has been previously stated, this demands a determination of the validity of the election and of the issuance of the 544 shares of stock.

In essence it is appellant's contention that the question of legality of a corporate election is a matter within the exclusive jurisdiction of the Law Division of the Superior Court (formerly the Supreme Court) of the State of New Jersey. See N.J.S.A. 14:10–16. The decisions under this statute indicate that said question is a matter for a court of law, not a court of equity. See Messina v. National Store Co., Chan.1947, 140 N.J.Eq. 312, 54 A.2d 212, affirmed (E. & A.1948) 141 N.J.Eq. 361, 57 A.2d 386; Barna v. Kirczow, Chan.1906, 71 N.J.Eq. 196, 63 A. 611. However, equity or chancery courts may determine this question where it is incidental to the determination of an equitable cause of action. See Regular Democratic Club of Little Ferry v. Tracy, Chan.1939, 126 N.J.Eq. 394, 9 A.2d 56; Barna case, supra. State decisions construing this statute would thus seem to indicate that the exclusiveness of the forum pertains to the distinction between law and equity and not to a distinction between federal and state forums.

Counsel for the Johnson faction advance the case of Aston v. O'Carroll, D.C.M.D. Pa.1946, 66 F.Supp. 585, as authority for the proposition that this Court is without jurisdiction. However, that case is clearly distinguishable from the matter before this Court. In the O'Carroll case the Federal Court declined to determine the validity of a corporate meeting and election on the ground that neither the federal nor state courts of Pennsylvania exercise visitorial powers over internal affairs of foreign corporations. This holding is clearly inapplicable to the present proceeding since here we are concerned with a federal court for the District of New Jersey, a New Jersey corporation, and a New Jersey statute.

As we have heretofore stated, courts of bankruptcy have jurisdiction to entertain arrangement petitions. In so doing, questions may arise as to the validity of the resolution authorizing the filing of the petition. Such disputes often involve contested elections and meetings. The case of In re Joseph Feld & Co., D.C.D.N.J.1941, 38 F.Supp. 506, is pertinent at this point. In that case a petition for a voluntary bankruptcy proceeding was filed and with it a copy of the board resolution authorizing the filing of the petition. On application to dismiss the petition and set aside the proceedings taken thereunder, the Court considered the regularity of the meeting at which said resolution was passed. It appearing that one of the directors had received no notice of the meeting, the Court held that the meeting was irregular and thus the resolution passed at said meeting was invalid. It is thus apparent that bankruptcy courts do inquire into the internal affairs of corporations in order to determine the jurisdictional question. And in such an

inquiry they will be guided by reference to the pertinent state statutes and decisions. Since there are no special circumstances such as an unresolved conflict in the intermediate state courts or the unique situation presented in In re Central R. Co. of New Jersey, 3 Cir.1947, 163 F.2d 44, certiorari denied 332 U.S. 810, 68 S.Ct. 112, 92 L.Ed. 388, no reason for a refusal to exercise jurisdiction is apparent to this Court.

As a second reason for lack of jurisdiction, Johnson's counsel contends that the Superior Court, Law Division (formerly the Supreme Court), has exclusive jurisdiction to determine the validity of the issuance of stock. No statutory citation is given for this contention. It is certainly not so stated in N.J.S.A. 14:10–16, dealing with the determination of the validity of corporate elections. There is no doubt that N.J.S.A. 14:8–17 is the governing statute as to the pre-emptive rights of stockholders arising upon the issuance of new stock. But that statute contains no language indicating that jurisdiction to determine said question is vested exclusively with any particular state court or even in the courts of the State of New Jersey in general. Nor has independent research on the part of this Court led to the discovery of any statutory basis for such claim.

In view of the foregoing discussion, it is felt that the Bankruptcy Court does have jurisdiction to determine the matters raised in the hearing on the petition for dismissal. Since the memorandum of the Referee is not completely dispositive of this question, this proceeding will be remanded to the Referee for further findings.

Counsel for the Johnson faction further urge that since the only issue involves the issuance of stock, the Court cannot continue jurisdiction of the matter since the statute will not permit an arrangement involving the rights of stockholders. This Court is of the opinion that this contention is without merit.

It is correct that Chapter Eleven will not permit an arrangement plan involving the rights of stockholders. See In re May Oil Burner Corporation, D.C.D.Md.1941, 38 F. Supp. 516.

However, in the instant proceeding, it is not the proposed plan which will affect the rights of the stockholders. It is the determination of the questions relative to the validity of the petition which will affect the rights of the stockholders.

The Referee's application of several New Jersey statutes is also alleged to have been erroneous. The alleged errors, if such they were, arose in the course of the Referee's discussion of the rights of the respective factions. Since this Court is of the opinion that this matter must be remanded for further findings, it will not be necessary to consider these contentions at this time.

Finally, it is asserted that the Debtor is solvent. The Referee's finding in this regard is as follows: "The evidence indicates that if the stock is invalid and it becomes a debt of $5,440.00, then the debtor will be unable to pay its debts as they mature. (Transcript, page 36)." Since a finding as to the validity of the issuance of the 544 shares is necessary to a determination of the validity of the corporate resolution authorizing the petition for arrangement, it will likewise be unnecessary to consider this final contention of the appellant at this time.