## In re AL–WYN FOOD DISTRIBUTORS, INC., Debtor.

### Bankruptcy No. 80–768–ORL–BK.

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

Nov. 28, 1980.

Robert H. Roth, Orlando, Fla., for debtor.

Lionel H. Silberman, Orlando, Fla., for creditors.

## ORDER DISMISSING CASE

GEORGE L. PROCTOR, Bankruptcy Judge.

This Chapter 11 case was commenced by the filing of a voluntary petition on October 16, 1980, signed by Wyn Samuels as President of the debtor corporation. The debtor is a corporation, chartered and operating under the laws of the State of Florida. The board of directors of the debtor corporation did not authorize, acquiesce to, nor ratify the filing of a petition in bankruptcy.

 Movants, parties in interest, have moved the Court to dismiss this case on the grounds that Wyn Samuels acted outside the scope of his corporate authority in filing the Chapter 11 petition, and that, no action having been taken by the board of directors and no resolution permitting the filing having been passed, the corporate officer's action is a legal nullity.

The extent of authority that may be exercised by an officer of a corporation depends on the governing instruments of the corporation and on state law. The Articles of Incorporation and the by-laws of the debtor corporation do not contain any authorization for the president to file a petition, nor can the counsel for the debtor direct the Court to any Florida Statute that would similarly provide.

The few cases that have been reported on this topic are old, but they are uniform in result. They hold that the president of a corporation has no general power to file a petition, nor is such a power implied. *See Regal Cleaners and Dyers v. Merlis*, 274 F. 915 (2d Cir. 1921); *In re Jefferson Casket Company*, 182 F. 689 (NDNY 1910). The Court recognizes that under the Bankruptcy Act a voluntary petition in bankruptcy was a cessation of business, whereas a Chapter 11 petition under the Code initiates a reorganization. However, the rationale that the filing of any sort of bankruptcy petition is a special act requiring special authorization and not a general duty of an officer remains valid. *See Jefferson Casket Co., supra*; 6 *Collier's* (4th ed.) 792.

Wherefore, in view of the foregoing discussion, it is ORDERED as follows:

1. Movants' motion to dismiss is granted;

2. The automatic stay imposed by 11 U.S.C. § 362 is lifted;

3. All orders entered in this case retaining the debtor-in-possession, authorizing the debtor to do business, and appointing a creditors' committee are vacated.