In re AMERICAN INTERNATIONAL INDUSTRIES, INC., d/b/a Fashion Industries, Debtor.

Bankruptcy No. 80–01674–BKC–SMW.

United States Bankruptcy Court, S. D. Florida.

April 21, 1981.

Herbert S. Freehling, Fort Lauderdale, Fla., trustee.

Jerry Kahn, North Miami Beach, Fla., for debtor.

Gary M. Farmer, Abrams, Anton, Robbins, Resnick, Schneider & Mager, Hollywood, Fla., for trustee.

Michael W. Ullman, North Miami Beach, Fla., for American Automotive.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF DISMISSAL

SIDNEY M. WEAVER, Bankruptcy Judge.

This voluntary Chapter 7 petition was filed on December 23, 1980, on behalf of the

above styled corporation by its president, Mr. Robert Ross. The alleged debtor is an active corporation organized under the laws of the State of Florida.

The movants, who are parties in interest, have filed this motion to dismiss, alleging that the president of the corporation was not properly authorized as an officer of the corporation to institute these bankruptcy proceedings. The Court finds that there has been no action by the Board of Directors authorizing the filing of the bankruptcy petition herein or subsequently ratifying the action of the president. The issue which, therefore, confronts this Court is whether the president of a corporation can file a *voluntary* petition in bankruptcy on behalf of the corporation, where the board of directors has not specifically authorized such action.

In *In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42, 7 BCD 126 (Bkrtcy. Ct.M.D.Fla. 1980), Judge Proctor concluded that the filing of a voluntary petition in bankruptcy requires the specific authorization of the board of directors of a Florida corporation where there is no specific provision in the Articles of Incorporation or by-laws authorizing same. In doing so, the Court apparently construed § 109 of the Bankruptcy Code, at least inferentially, as requiring a *voluntary* act by the debtor in order to commence a case under § 301 of the Bankruptcy Code. The Court noted that filing of a bankruptcy petition under § 301 is a special act of the corporation.

This Court has concluded that the decision of Judge Proctor is controlling in the present lawsuit. In this sense, § 109 is largely unchanged from § 4 of the old Bankruptcy Act, which was itself construed to require a purposeful, and authorized act of a corporation in the filing of a voluntary petition in bankruptcy. *Cf. Matter of Joseph Feld & Co.*, 38 F.Supp. 506 (D.N.J. 1941); *In re M. J. Johnson Aircraft Manufacturing Co.*, 110 F.Supp. 590 (D.N.J.1953) and *Dodge v. Kenwood Ice Company*, 204 F. 577 (8th Cir.). All of the foregoing cases

imply that a valid resolution of the board of directors is necessary in order to initiate voluntary proceedings in bankruptcy for a corporate debtor. *See also Matter of Bradford Laundry Co.*, 50 F.Supp. 361 (W.D.Pa. 1942).

Nothing in the new Bankruptcy Code appears to change the rationale of these cases. Indeed, the leading Treatise on the previous Bankruptcy Act concluded:

"An officer of a corporation has no authority to file a petition for voluntary bankruptcy unless such authority is conferred on him by the board of directors." 1 *Collier on Bankruptcy* ¶ 4.05[4] at 596.

Appropriately, in the foregoing cases, and in the Treatise cited as well, it is suggested that the Bankruptcy Court look to the law of the state of incorporation to determine whether voluntary proceedings in bankruptcy can be initiated on behalf of a corporation by its president without authorization from the board of directors.

Of course, the extent of authority conferred on an officer of a Florida corporation depends not only upon the Articles of Incorporation but upon the provisions of Chapter 607, Fla.Stat. (1979), as well. In this case, the Articles of Incorporation, as well as the corporate by-laws, confer no such grant of power on the president of the debtor corporation. Moreover, counsel for the debtor corporation has been unable to cite the Court with any authority in the Florida statutes or elsewhere which would have conferred any authority upon the President of the debtor to file the voluntary petition herein.

To be sure, there is no specific provision of the Florida General Corporation Act specifically dealing with the power to file a voluntary petition in bankruptcy. However, this Court reads other provisions of the Florida law, as apparently did Judge Proctor, to require the specific resolution of the board of directors before filing a petition. In § 607.237 (relating to a mortgage or pledge of corporate assets) and § 607.241 (relating to a sale of corporate assets), the

statutes require authorization by the board of directors. The filing of a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code, at least presumably, results in a transfer of the corporate-debtor's assets to a trustee in bankruptcy. *See* § 541(a), Bankruptcy Code ("The commencement of a case under Section 301 * * *creates an estate.") Moreover, § 607.257, (dealing with voluntary dissolution by an act of the corporation) requires a specific resolution therefor by the board of directors. There can be no question that a voluntary petition under Chapter 7 of the Bankruptcy Code ordinarily results in a liquidation of the corporation and thereby, at least presumably, an ultimate dissolution of the corporate entity as well. Thus, from such statutes as the court concludes bear on the problem, it appears that the president of a Florida corporation could not, in good faith, presume to have the power to file a voluntary petition in bankruptcy, unless he had a specific resolution of the board of directors authorizing the action. In this case, there being no such action, the court is forced to conclude that this case should be dismissed. It is, therefore,

ORDERED and ADJUDGED as follows:

1. That this case be, and hereby is, dismissed.

2. The Court hereby retains jurisdiction for the purpose of taxation of costs upon appropriate motion, and for consideration of the applications for compensation by the trustee and any professional persons employed by him.