**In the Matter of BRANDON FARMER'S MARKET, INC., Debtor.**

**Bankruptcy No. 83–1434.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 25, 1983.

David Steen, Tampa, Fla., for debtor.

Robert Edwards, Plant City, Fla., for movants.

ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case commenced by the Petition for Relief filed by R.L. Duffey, on behalf of Brandon Farmer's Market, the Debtor named in this Chapter 11 case. The Petition for Relief

was filed on July 11, 1983. On the same date, this Court entered an Order granting an Application filed by the Debtor to remain as Debtor-in-Possession and to continue to operate its business. On July 14, or two days after the Petition was filed, Roy L. Pippin, Lester Pippin and Selina Pippin (Movants), in their capacities as equity security holders and as creditors, filed a Motion requesting an emergency hearing in order to press for the dismissal of the case. On the same date, this Court entered an Order granting the Motion, and directed the Clerk to telephonically notice the Debtor and counsel for the Debtor of the emergency hearing to consider a Motion to Dismiss the entire case filed by the Movants. Also, on July 14, 1983, the Debtor filed an Application to Disqualify the law firm who filed the Motion to Dismiss on behalf of Roy L. Pippin, Lester Pippin and Selina Pippin. At the hearing, no evidence was offered by the Movants who urge that they are entitled to the relief they are seeking as a matter of law based on the record.

The Court heard argument of counsel and considered the record which reveals the following:

Brandon Farmer's Market, Inc. (Debtor) is a Florida corporation chartered under the laws of this State. It commenced operation May 12, 1983 and maintains its principal place of business in Brandon, Florida engaging in the sale of fresh produce, nursery plants and other miscellaneous perishable items. R.L. Duffey, the person who signed the Petition for Relief, and his wife are 50% stockholders in the corporation and R.L. Duffey is one of the two Directors of the Board of Directors and also serves as the President of the Debtor corporation. The Movants are stockholders of the Debtor and Roy L. Pippin serves as one of the two Directors of the Debtor.

It is not disputed that prior to the commencement of this case, a disagreement developed between Mr. Pippin and Mr. Duffey concerning the management of the affairs of the Debtor and, in fact, there was an action filed in the Circuit Court for the 13th Judicial Circuit in and for the State of Florida, Case No. 83–9595 on July 8, 1983 in which the Movants sought, pursuant to § 607.274(1), (2) of Florida Statutes, to liquidate the assets of the Debtor due to the deadlock developed between the two Directors concerning the management of the affairs of the Debtor. In connection with the law suit, the Movants also sought the appointment of a receiver to take over the business of the Debtor pending the resolution by the State Court of the controversy between the parties.

The matter under consideration is a Motion to Dismiss the entire case filed by the Movants. The Motion is claimed to be based on Rule 12(b) of the Federal Rules of Civil Procedure and is accompanied by a paper entitled "Statement in Support of Motion to Dismiss Voluntary Petition," which appears to be a brief in support of the Motion, a brief neither requested nor authorized to be filed by this Court.

It is the contention of the Movants that, first, inasmuch as the Petition filed on behalf of the Debtor was not properly verified, the Petition is invalid as a matter of law and, therefore, should be dismissed; second, that in any event, the Petition was filed without the proper authorization by the Board of Directors, it is a legal nullity and, therefore, this Court is without jurisdiction to maintain this Chapter 11 case. The Movants contend that the Motion to Dismiss must be granted based on FRCP 12(b) for lack of subject matter jurisdiction.

Considering these contentions, seriatim, it should be noted at the outset that this Court's jurisdiction to entertain a Chapter 11 case filed under the Bankruptcy Code requires no elaborate analysis or citation of authorities. Thus, the argument advanced by counsel for the Movants that this Court lacks jurisdiction over a Chapter 11 case is obviously without merit. This, of course, does not mean that the Movants do not have the right to challenge the propriety of the Petition.

This leaves for consideration the first contention advanced by the Movants, i.e. that the verification required by Bankruptcy Rule 109 is not proper because it does not contain the language set forth in Official Form No. 4, now Official Form No. 5, which requires that the verification contain a

statement that the Petition filed on behalf of a corporation has been duly authorized.

The record is clear and there is no dispute that the verification signed by Mr. Duffey does not contain a statement that the Petition has been authorized by the corporation. This omission, of course, is understandable in light of the undisputed fact that there is a total deadlock in the Board of Directors and, as the matter now stands, it would be impossible to obtain an authorization to file a Petition for Relief under the Bankruptcy Code.

Faced with these undisputed facts, counsel for the Debtor who ostensibly purports to act on behalf of the Debtor corporation, contends that this Court has jurisdiction of the case; that it should stay any state court proceedings or, at least, it should maintain the case in order to preserve the status quo and before the case is dismissed, give notice to creditors and other parties in interest and grant an opportunity to be heard or at least lift the stay only to a limited extent to permit the State Court to resolve the respective rights of the competing interests of the feuding Directors.

In support of this proposition, counsel for the Debtors cites the case of *In re Autumn Press, Inc.*, 20 B.R. 60 (Bkrtcy.N.D.Tex. 1982) where the Bankruptcy Court for the District of Massachusetts held that there might be a situation where a dismissal of a bankruptcy case for lack of authority to file may be unjustified, both in law and in equity, and creditors should be given a notice and an opportunity to assert their respective rights before the case is dismissed. A close reading of *Autumn Press, supra* rather than supporting the contention advanced by counsel for the Debtor, speaks to the contrary. The language quoted by counsel for the Debtor is merely dicta and is not part of the holding of the case. Be that as it may, it is clear that if the suggestion of *Autumn Press, supra* is followed, the most that this language supports is that it may be necessary to give a notice to creditors before the case is dismissed, but only in instances where there are allegations or, at least, suggestions that there was fraud or collusion in the execution of the defective petition. In the absence of extenuating circumstances, a stockholder has no standing to challenge a corporate decision to seek protection under the Bankruptcy Code.

The present case does not involve a challenge by a stockholder. The challenge is based on the proposition that R.L. Duffey, who signed the Petition, the President of the Debtor, had no authority to file this Petition without an authorization to do so by the Board of Directors. It is well established that under the applicable laws of this State, Chapter 607.111(1) of the Florida Statutes, unless it is otherwise provided for in the Charter or in the Articles of Incorporation, the management of the affairs of the corporation is under the control and supervision of the Board of Directors. The corporate charter of this Debtor makes no specific provision concerning the authority of the President, but requires that the corporation shall have, at all times, at least two directors. The By-Laws of the corporation provide that "all corporate powers shall be exercised by or under the authority of and the business affairs of the corporation shall be managed under the Director of the Board of Directors." Article II, Section 1. The By-Laws also provide that the President shall have the authority to manage the affairs of the corporation subject to the supervision and control of the Board of Directors. Based on the foregoing, it is the contention of counsel for the Debtor that the President had the authority to file this Petition for Relief under this specific clause and his action is merely subject to a veto by the Board of Directors and since the right to make depositive moves and valid decisions is initially vested in the President, he acted properly and with authority to commence this case and there cannot be a veto by the Board of Directors because of the deadlock. This proposition, under the narrow reading of this provision of the By-Laws, appears to be persuasive at first blush, but does not bear a close analysis. There is no question, although it is not expressly spelled out, that management of the affairs of a corporation was not meant to include a right to file a Petition for Relief under any of the operating Chapters of the Bankruptcy Code. The business of this corporation, according to the Charter is

to engage in general sales, selling, at wholesale or retail, all varieties of commodities, meats, fruits, vegetables and other food items, nursery plants, garden plants and general merchandise and not the filing of a Petition for Relief under Chapter 11. More importantly, there is nothing in this record even to intimate that the institution of this Chapter 11 proceeding was done for any purpose but to evoke the automatic stay provision of the Court, § 362(a), in order to prevent a then pending State Court proceeding instituted by the Movants, which sought under the applicable local law, the liquidation of the corporation, injunction and appointment of a receiver pursuant to Chapter 607.274 of the Florida Statutes. There is nothing in this record even to intimate that this is really a legitimate corporate reorganization case instituted to effectuate the intent of Congress, i.e. to enable a financially distressed corporation to obtain rehabilitation under this Chapter. While it is true that the Code does not require an initial showing of good faith of the petitioner in seeking relief, unlike the pre-Code law, §§ 141–146 of the Act of 1898, as amended, the presence of good faith is implicit and it is obvious that it would be an abuse of the jurisdiction of this Court to permit the Debtor to seek relief in this Court for the sole purpose of achieving a purpose which is not a proper, legitimate purpose to be achieved under any provisions of the Bankruptcy Code. See, *In re Victory Construction Co., Inc.,* 9 B.R. 549 (Bkrtcy.C. D.Cal.1981). For the reasons stated and while this Court has jurisdiction of the subject matter, this Court is satisfied that this Petition was not filed in good faith, was not an authorized filing and, therefore, should be dismissed.

The Debtor failed to present any evidence in support of its Motion that counsel for the Movants shall be disqualified because of an alleged conflict of interest. For this reason, the Court is not in a position to consider this Motion on its merits. Moreover, in light of the foregoing conclusion that the case should be dismissed, it is unnecessary to consider the Motion.

Inasmuch as creditors of the estate did not receive a notice of the hearing on the Motion to Dismiss, the creditors shall be given a notice and shall be granted 10 days to interpose an objection to the dismissal and request a hearing. In the absence of a written objection to the dismissal, this Order of Dismissal shall be final.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Roy L. Pippin, Lester Pippin and Selina Pippin be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Chapter 11 case filed by Brandon Farmer's Market, Inc. be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Clerk of the Court be, and the same hereby is, directed to give notice to all creditors of the entry of this Order.