**In re MINOR EMERGENCY CENTER OF TAMARAC, INC., Debtor.**

**Bankruptcy No. 84–02017–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Jan. 9, 1985.

Alan L. Levine, Levine & Green, P.A., Fort Lauderdale, Fla., for debtor.

Karen Coolman Amlong, Holmes & Amlong, Fort Lauderdale, Fla., for creditor Luria.

## MEMORANDUM DECISION GRANTING MOTION TO DISMISS

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came on before this Court on November 21, 1984 on Lawrence Luria's Motion to Dismiss and/or for Relief from Stay. The movant proceeded at this hearing with only the Motion to Dismiss, reserving its Motion for Relief from Stay pending the outcome of this Motion to Dismiss, and the Court having reviewed the file, having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments and memoranda of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

The movant, Lawrence Luria, M.D. (hereinafter referred to as "Luria") is a 50 percent shareholder, vice-president, treasurer and director of the debtor-corporation, Minor Emergency Center of Tamarac, Inc. (hereinafter referred to as "MEC"). Anthony Ard, M.D. (hereinafter referred to as "Ard") owns the other 50 percent of the outstanding shares and is the president and remaining director of the corporation. Pursuant to correspondence between the parties, it is clear to the Court that Ard and Luria are deadlocked over the operation and continuation of MEC as a viable business operation. On August 28, 1984, Anthony Ard filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, seeking the dissolution of the corporation, breach of fiduciary duty as to Lawrence Luria and for the appointment of a receiver.

On October 23, 1984, Anthony Ard, as president of MEC, filed this Chapter 11 petition.

The issues now before the Court on this Motion to Dismiss are (1) whether Luria has effectively resigned as a director of MEC and (2) whether Ard, as president of the corporation, has the authority to file a voluntary petition in bankruptcy on behalf of the corporation.

Ard asserts that Luria's letter of October 5, 1984 evidences an intent by Luria to resign as director of MEC. After careful scrutiny, the Court finds that this letter

contains no expressed intent for Luria to resign as director, and that the letter specifically states that Luria is terminating only his *employment* with MEC while emphatically reserving his right to approve all of the company's future expenditures as director or co-partner of the organization.

The Court further finds that the self-serving language contained in the Minutes of the Board of Directors' Meeting held October 22, 1984 to be of no force and effect in reaching a determination of the issues now before the Court. Anthony Ard was the only director in attendance at this meeting; Anthony Ard waived notice of the meeting; and Anthony Ard recorded the minutes of the meeting that occurred with not one additional party involved. The Court takes note of the legal references contained in the subject minutes and concludes that the language of these minutes was prepared with the advice of counsel in order to accomplish a predetermined goal— the ouster of Luria as a director of MEC. The Court is not here ruling that such legal assistance is wrongful, but merely that such carefully worded self-serving language will not stand in the face of evidence to the contrary.

Furthermore, the minutes reflect that the Board of Directors (i.e. Anthony Ard) construes Luria's October 5, 1984 letter as Luria's resignation from the corporation *in all capacities,* which is a premise contrary to the previous finding of this Court. Additionally, the Court finds that the actions of Luria, while antagonistic toward ARD, do not rise to the level of corporate abandonment.

In the case in *In re American International Industries, Inc.,* 10 B.R. 695 (Bkrtcy.S.D.Fla.1981) this Court has previously held that under Florida law, a valid resolution of the board of directors was necessary in order to initiate a voluntary bankruptcy proceeding for a corporate-debtor and that the president could not on his own institute those proceedings. Although *American International Industries* was a Chapter 7 case, the Court relied upon the case of *In re Al-Wyn Food Dis-*

*tributors, Inc.,* 8 B.R. 42, 7 B.C.D. 126 (Bkrtcy.M.D.Fla.1980) in which Judge Proctor concluded that a president of a corporation could not under Florida law, file a Chapter 11 petition without authorization from its board of directors.

Pursuant to Article III, Sections 2, 6 and 7 of the Bylaws of Minor Emergency Center of Tamarac, Inc., *two* directors are required for a quorum and both directors must agree on a particular course of action for such course to constitute an "act of the board of directors". The Florida General Corporation Act clearly gives the members of a corporation the ability to place such restrictions on its governing body:

> **Director quorum and voting.**—A majority of the number of directors fixed by, or in the manner provided in, the bylaws or, in the absence of a bylaw fixing or providing for the number of directors then of the number stated in the articles of incorporation shall constitute a quorum for the transaction of business, *unless a greater number is required in the articles of incorporation of the bylaws.* The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors, *unless the act of a greater number is required by the articles of incorporation or the bylaws.* § 607.121 Fla.Stat. (1983) (emphasis added.)

The Minutes of the Board of Directors upon which Ard relies as establishing the authority to file this Chapter 11 petition vis-a-vis Luria's alleged resignation, clearly evidence unilateral action on the part of only one director.

Accordingly, the Court finds that Luria has not resigned his position as director of MEC, that under Florida law, the president of a corporation cannot file a Chapter 11 petition without authorization from its board of directors, that in the instant case, the filing of the petition in bankruptcy requires the concensus of two directors of MEC pursuant to the corporation's bylaws, that such concensus has not been achieved, and that the president is, therefore, with-

out authority to initiate a voluntary petition for the corporate-debtor. It is, therefore,

ORDERED and ADJUDGED:

1. That this Chapter 11 proceeding be, and hereby is, dismissed.

2. That all pending Motions are hereby rendered moot by virtue of this order.