## In re KING BRAND FOOD PRODUCTS, INC. Debtor.

**Bankruptcy No. 85–01093–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

June 6, 1985.

William M. Manker, Miami, Fla., for King Brand/Duke Interests.

Tod Aronovitz, Marks, Aronovitz & Leinoff, Miami, Fla., for King Brand/Hankin Family Interests.

H. James Catlin, Catlin, Saxon, Tuttle & Evans, Miami, Fla., for Florida Nat. Bank.

## MEMORANDUM DECISION DISMISSING CHAPTER 11 CASE

A. JAY CRISTOL, Bankruptcy Judge.

This cause presents the court with the interesting task of determining just who controls the debtor in the above-styled case. The matter was heard on May 28, 1985 on a motion to dissolve a voluntary petition for relief under chapter 11. The petition was filed on May 17, 1985 on behalf of King Brand Food Products, Inc., under the signature of "Thomas W. Duke, President and Authorized Agent." The

movant, Hankin family, on behalf of King Brand Foods, Inc., alleges that said Thomas W. Duke had no authority from King Brand to initiate a chapter 11 petition for relief.

On Friday, May 24, 1985, this court held an emergency hearing at which time the court received evidence and entered a temporary injunction to maintain the status quo over the holiday weekend. The matter was then set for further hearing on Tuesday, May 28, 1985, at which time the court received testimony and documentary evidence and heard argument of counsel.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Prior to the entry of the original agreement of sale (K.B. Hankin/Duke, Exhibit No. 2) between the Hankins and Duke, the court believes there is no question that all of the corporate stock was solely owned by the Hankins, that they were the officers and directors, and that Mr. Kenneth Hankin was the president and chief executive or operating officer.

The evidence is almost undisputed. The agreement of April 3, 1985 is followed by an addendum of the same date. These documents are then followed by an escrow closing, the letter of April 4 (K.B. Hankin/Duke, Exhibit No. 2), and the indemnity agreement.

The letter of April 4, 1985, at one point, specifically states that "Commencing April 4, 1985, Mr. Duke will be in possession and control of King Brand Food Products, Inc., a Florida corporation...." The court must decide whether the preceding language taken in conjunction with the other documentary evidence created or established in Mr. Duke such control, so that he was "a person in control" within the meaning of B.R. 9001(5)(A). That rule states that if the debtor is a corporation, debtor includes "any other person in control." Is the language in the April 4, 1985 letter sufficient to make Mr. Duke "any other person in control?"

The court considered it appropriate to evaluate the company's actual operation during the period from April 3, 1985 until May 17, 1985. On the one hand, the keys to the business premises had been handed to Mr. Duke; yet, on the other hand, he had not been given the access codes to the security system, which would permit him to enter the premises without triggering the burglar alarm. In fact, over a period of weeks, Mr. Duke had not entered the premises more than twice and even then for not more than ten to fifteen minutes. The actual day-to-day operation of the business was conducted by Mr. Kenneth Hankin.

Mr. Duke relies on a state court hearing before Judge Simon which purports to establish his control. The language in the transcript of the hearing is inconclusive. On page 16, there is a comment that refers to "some control" being acknowledged in Mr. Duke. The court does not consider that testimony sufficient to decide the issue.

■ Considering all of the evidence presented, the court concludes there was insufficient control vested in Mr. Duke by the writings or de facto to qualify him as a person in control within the meaning of B.R. 9001(5)(A). Control is defined in Black's Law Dictionary as a verb "to exercise restraining or directing influence over" and as a noun, control is defined as "power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee."

■ Upon reviewing all of the evidence and applicable case law, the court also concludes that this matter was *not* a case of title to the stock passing to Mr. Duke, at the time the stock was placed into escrow. If the stock were delivered directly to Mr. Duke without an escrow restriction, perhaps he might have become owner of that stock at the time of delivery. That was not what took place. The stock was not delivered. It was placed into escrow and not subject to release to Mr. Duke until certain conditions were met which included payment in excess of half a million dollars.

The money was not paid and most of the conditions were not met. Thus, Mr. Duke cannot claim to have come into control as the sole owner of all the stock. Obviously, "a stranger to the corporation... (has) no authority to institute a voluntary proceeding in bankruptcy on behalf of the corporation." *Dixon Mills, Inc. v. Dixon National Bank of Dixon, Illinois*, 357 F.2d 169, 171 (7th Cir.1966).

■ Mr. Duke signed his name on some documents as president; some of which went into escrow and some of which may not have gone into escrow. Even if Mr. Duke were the president of the company, a corporate president does not have the authority to file a voluntary chapter 11 proceeding on behalf of the corporation in the absence of an enabling resolution by the board of directors. See *In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42 (M.D. Fla.1980). The filing of a chapter 11 proceeding is clearly not in the ordinary course of business and is an event, which requires more than presidential discretion. *In re Al-Wyn*, supra. Mr. Duke's own testimony referred to the fact that nothing had happened in terms of board of directors activity. He characterized the status of the company as "being in limbo." "Being in limbo" is not the same as being in control.

The court has also considered *In re Bankers Trust*, 403 F.2d 16 (7th Cir.1968), relied upon by Mr. Duke, and finds the case distinguishable on the law and the facts. In *Bankers Trust*, the trustees assumed actual control in good faith and without dispute. The trustees' de facto control was held sufficient notwithstanding an irregularity in the manner of their election. In the instant case, the right of control is disputed and de facto control by Mr. Duke never occurred.

Pursuant to B.R. 9021(a), a Final Judgment for movant, King Brand Foods, Inc., incorporating these findings of fact and conclusions of law, is being entered this date.