## In re MONI–STAT, INC., Debtor.

### Bankruptcy No. 87–21829–11.

United States Bankruptcy Court,
D. Kansas.

March 18, 1988.

Helena Brown Coles, President/Director of Debtor Corp., in pro per.

Gregory M. Coggs, Kansas City, Kan., for Helena Brown Coles.

A.P. Taliaferro, Director/Secretary/Treasurer of Debtor Corp., in pro per.

Clifford Wiley, Kansas City, Kan., for A.P. Taliaferro.

Joyce Owen, Wichita, Kan., for U.S. trustee.

## MEMORANDUM OPINION AND ORDER DISMISSING THE CHAPTER 11 CASE

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on February 8, 1988, on the debtor's application to extend time to file schedules and the debtor's motion to produce corporate books and records. The debtor and corporate president/director, Helena Brown Coles, appeared in person and through counsel, Gregory M. Coggs. The director/secretary/treasurer, A.P. Taliaferro, appeared in person and through counsel, Clifford Wiley. The United States Trustee appeared through counsel, Joyce Owen.

During oral argument on the debtor's motion to produce corporate books and records, Mr. Wiley requested that the motion be denied and that the case be dismissed on the ground that Helena Brown Coles was not authorized to file a voluntary bankruptcy petition on behalf of the corporation. This Court requested the parties and the United States Trustee to file briefs on the issue of whether the corporation should turn over its books and records or whether the case should be dismissed.

### FACTS

In 1981, A.P. Taliaferro and Helena Brown Coles established Moni–Stat, Inc. as a corporation under the laws of the State of Kansas. Taliaferro and Coles are the sole directors and the sole shareholders of the corporation, each owning 50% of the stock. Coles is the president and Taliaferro is the secretary/treasurer of the corporation.

In December of 1987, Moni–Stat, Inc. held a meeting of the board of directors to vote on a resolution authorizing the filing of a voluntary chapter 11 bankruptcy petition. Coles voted yes, that a bankruptcy petition be filed; and Taliaferro voted no.

On December 21, 1987, Coles unilaterally filed a petition for relief under chapter 11 of Title 11, United States Code, on behalf of the corporation, Moni–Stat, Inc., but did not attach a corporate resolution authorizing the filing of the petition.

### ISSUE OF LAW

WHETHER HELENA BROWN COLES HAD AUTHORITY TO FILE A BANKRUPTCY PETITION ON BEHALF OF THE CORPORATION, MONI–STAT, INC., WHERE SHE WAS ONE MEMBER OF A BOARD OF DIRECTORS

CONSISTING OF TWO MEMBERS (EACH ONE OWNING 50% OF THE STOCK) AND THERE WAS A DEAD-LOCK VOTE AT THE DIRECTORS' MEETING ON THE QUESTION OF WHETHER A BANKRUPTCY PETI-TION SHOULD BE FILED.

## CONCLUSIONS OF LAW

The answer is clearly no. Helena Brown Coles had *no* authority in this instance under either the Kansas Corporation Code or under the Articles of Incorporation and By–Laws of Moni–Stat, Inc. to initially file a voluntary bankruptcy petition on behalf of the corporation. As such, this case must be dismissed for lack of a corporate resolution authorizing the petition. *See* Local Bankr. Rule 10(c) (The Rule provides that "a certified copy of the corporate resolution authorizing the filing shall be attached to the original and each copy of the petition.")

The Kansas Corporation Code provides that the business and affairs of a corporation shall be managed by its board of directors, that a *majority* of the total number of directors shall constitute a quorum for the transaction of business, and that the vote of the *majority* of the directors present at a meeting at which a quorum is present shall be the act of the board of directors. *See* Kan.Stat.Ann. § 17–6301(a) & (b) (Vernon 1987 Supp.) The only exception to the above provisions would be where the articles of incorporation provide differently. In the present case, the articles of incorporation and the by-laws of Moni–Stat, Inc. are consistent with the above cited provisions of the Kansas Corporation Code.

■ Furthermore, the law is clear that the decision of whether of not a corporation should file bankruptcy is a business decision to be made only by the board of directors. A filing of a bankruptcy petition is a special act that requires special authorization by the board and is not a general duty of a corporate officer. *See In re Al–Wyn Food Distributors, Inc.*, 8 B.R. 42, 43 (Bankr.M.D.Fla.1980) (The Court found that president acted outside the scope of his authority in filing a chapter 11 petition, and that, no action having been taken by the board of directors and no resolution having been passed, the president's action was a legal nullity). *See also In re Autumn Press, Inc.*, 20 B.R. 60 (Bankr.D.Mass.1982).

■ In the present case, since Coles acted outside the scope of her authority as president and since the board of directors failed to adopt a resolution permitting the filing of the petition herein, this bankruptcy case must be dismissed. Simply put, there must be a majority vote of a quorum of the board of directors to file a corporate bankruptcy in Kansas.

IT IS THEREFORE, BY THE COURT, ORDERED That the bankruptcy case, *In re Moni–Stat, Inc.*, Case No. 87–21829–11, be and the same is hereby dismissed.

IT IS FURTHER, BY THE COURT, OR-DERED That all other motions including the debtor's motion for extension of time to file schedules and motion to require turn-over of books and records are denied as moot.