In re BEL–AIRE INVESTMENTS, INC., Debtor.

Betty WINTER, Donald F. Winter, Jr., & Sherri L. Gray, Plaintiffs,

v.

BEL–AIRE INVESTMENTS, INC. and Donald F. Winter, Sr., Defendants.

Bankruptcy No. 88–3593–8P1. Adv. No. 88–291.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

. Feb. 16, 1989.

Robert E. Messick, Sarasota, Fla., for plaintiffs.

Harley E. Riedel, Tampa, Fla., for defendants.

ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case filed by Bel–Aire Investments, Inc., (Debtor) on June 24, 1988. The matter under consideration is a Motion to Dismiss the Chapter 11 case filed by Betty Winter, Donald F. Winter, Jr. and Sherri L. Gray (Movants). The Movant Betty Winter is one of the members of the Board of Directors and also a shareholder. The other Movants are shareholders of the Debtor corporation and collectively own 72½% of the stock. They also seek a dismissal on the basis that neither the Articles of Incorporation nor the By–Laws of the Debtor authorize the president of the corporation acting alone to file a Chapter 11 case on behalf of the corporation and inasmuch as the Board of Directors neither authorized, acquiesced or ratified the filing of the Chapter 11 petition this was an unauthorized filing and it should be dismissed.

The motion was heard in due course with notice to all parties of interest and the Court having heard argument of counsel and having considered the record now finds the relevant facts which are without dispute as follows:

On June 24, 1988, Donald F. Winter, Sr., as President of the Debtor, filed a voluntary petition on behalf of the Debtor. The Court entered the routine order and authorized the Debtor to remain in possession and continue to do business. In due course this Court scheduled the meeting of creditors pursuant to § 341 of the Bankruptcy Code and Bankruptcy Rule 2003, which was held on July 28, 1988. On August 2, 1988, the Movants filed an adversary proceeding No. 88–0291 and sought a preliminary and a permanent injunction and equitable relief against the Debtor and its president Donald F. Winter, Sr. The Complaint alleged, inter alia, that Donald F. Winter, Sr.,

breached his duty owed to the corporation and to the stockholders; that he was not authorized to file the petition on behalf of the Debtor; that he mismanaged the affairs of the Debtor. In addition to the injunctive relief, the Movants also sought to remove Donald F. Winter, Sr., from the office of president and director of the Debtor and to prohibit him from further directing or being involved in any manner in the affairs of the Debtor.

It appears from the response to the Plaintiffs' Motion for Preliminary Injunction filed by Donald F. Winter, Sr., that Donald F. Winter, Sr. and Betty Winter are husband and wife who are currently involved in a bitter marriage dissolution proceeding in which the right to manage and control the affairs of the Debtor are also involved. It is without dispute that after the commencement of the adversary proceeding, the parties attempted to settle their differences and conducted numerous and extensive negotiations, albeit none of which bore fruit. So far the adversary proceeding is not settled and is yet to be tried.

Article IV, Section 2(a) of the Articles of Incorporation of the Debtor states that the officers of this corporation shall have the following duties:

(a) The President shall be the chief executive officer of the corporation, shall have general and active management of the business and affairs of the corporation, subject to the direction of the Board of Directors, and shall preside at all meetings of the stockholders and Board of Directors.

Article III, Section 6 of the Articles of Incorporation also provides that the corporation shall have two directors and Article III, Section 1 provides that all corporate powers and the business and affairs of the corporation shall be managed under the direction of the Board of Directors.

As noted, it is without dispute that the Debtor has only two directors, Betty Winter and Donald F. Winter, Sr., and there is no resolution by the board of directors to authorize Donald F. Winter, Sr. to file the petition for relief under Chapter 11 on behalf of the Debtor. Obviously, there is a total deadlock between the two Directors and since the president may only conduct the affairs of the corporation subject to the direction of the board of directors this corporation is no longer able to function as a result of the deadlock and the Debtor's affairs can no longer be managed effectively as a result of the total paralysis caused by this deadlock.

Based on the foregoing it is the contention of the Movants who seek a dismissal of this Chapter 11 case that the filing by Donald F. Winter, Sr. was totally unauthorized and therefore the Motion to Dismiss should be granted.

In opposition, Donald F. Winter, Sr., contends that the Movants are either estopped to assert lack of authorization by their conduct since the commencement of the Chapter 11 case or they waived their right to challenge the president's authority to institute this Chapter 11 case.

It is well established that since the Bankruptcy Code itself does not establish the requisites for the initiation of a voluntary corporate bankruptcy case, the validity of all the individuals acting on behalf of the corporation must be determined with reference to the laws of the State in which the corporation was chartered. See *In re Autumn Press, Inc.*, 20 B.R. 60 (Bkrtcy.D. Mass.1982).

This Debtor is a Florida Corporation. Under Florida law, the powers and authority of the president of a corporation must be determined with reference to the By-Laws of the corporation. Florida Statute § 607.111(1).

This Court was called upon to consider an identical factual situation in the case of *In the Matter of Brandon Farmer's Market Inc.*, 34 B.R. 148 (Bkrtcy.M.D.Fla.1983) and concluded a corporation president who was one of the corporation's two directors was not authorized to file a Chapter 11 reorganization petition on behalf of the corporation without the consent of the other director.

There is no question that the authority to manage the affairs of the corporation does

not include the right to file a petition for relief under any of the operating chapters of the Bankruptcy Code. The business of this particular Debtor is the ownership and operation of numerous RV parks and obviously does not include the business of the Debtor to file for relief under Chapter 11 of the Bankruptcy Code.

It is true that in the present instance, unlike in *In the Matter of Brandon Farmer's Market, Inc., supra,* there is no evidence to show that this Chapter 11 case was instituted solely for the purpose of preventing a pending state court suit in which the Movants sought a dissolution and liquidation of the corporation and appointed a receiver pursuant to Chapter 607.274 of the Florida Statutes.

The holding of this Court based on *In the Matter of Brandon Farmer's Market, Inc., supra,* has been generally followed in numerous other decisions. See *Al-Wyn Food Distributors, Inc.,* 8 B.R. 42 (M.D. Fla.1980); *In re American International Industries, Inc.,* 10 B.R. 695 (S.D.Fla.1981); *In re Minor Emergency Center of Tamarac, Inc.,* 45 B.R. 310 (S.D.Fla.1985).

Thus in the case of *In re American International Industries, Inc., supra,* the Bankruptcy Court for the Southern District of Florida held that the valid resolution of the board of directors is necessary in order to initiate a voluntary bankruptcy case for a corporate Debtor and the president lacks authority to institute a case on his own. See *In re Autumn Press, Inc., supra; In re Anthony R. Martin-Trigona,* 760 F.2d 1334 (2d Cir.1985).

Counsel for the President, Donald F. Winter, Sr., urges that notwithstanding the apparent deadlock, this Court should retain this Chapter 11 case because this Debtor corporation, due to its cash flow problem, is in real need of reorganization and should be given the opportunity to show it has the ability to effectuate a reorganization. This argument has a persuasive ring at first blush but does not bear close analysis and misses the point because it overlooks the proposition which is basic that Donald F. Winter, Sr. had no authority to file the Petition on behalf of the corporation.

Moreover, and of equal importance, this corporation is currently totally paralyzed due to the deadlock and would not be able to function as a Debtor-in-Possession, file a Disclosure Statement and propose a Plan of Reorganization. This being the case, it is evident that this Chapter 11 cannot be maintained in its current posture. This does not mean, however, that creditors who decide that they need the protection of this Court may not file, if they qualify, an involuntary petition against the corporation pursuant to § 303 of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned Chapter 11 case be, and the same is hereby, dismissed.

DONE AND ORDERED.