**In re AT ENGINEERING, INC., aka AT Microsystems, Debtor.**

**Bankruptcy No. 91–15746–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 13, 1992.

**286**

Dennis J. LeVine, Tampa, Fla., for movant.

Michael Barbone, Tampa, Fla., for debtor.

Jay Harpley, Trustee.

## ORDER ON MOTION OF PARTY OF INTEREST FOR DISMISSAL OF PETITION OR FOR ABSTENTION, FOR DETERMINATION OF ATTORNEY'S FEES AND FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion entitled "Motion Of Party Of Interest For Dismissal Of Petition Or For Abstention, For Determination Of Attorney's Fees And For Sanctions." The Motion was filed by George W. Appleby (Appleby), who claims to be a party in interest and seeks dismissal of this Chapter 7 case or, in the alternative, the entry of an order abstaining from this case. In addition, Appleby also seeks examination of all fees paid to Michael J. Barbone (Barbone), counsel of record for AT Engineering, Inc. (Debtor), and an order imposing sanctions against both William T. Taylor (Taylor) and Barbone pursuant to Bankruptcy Rule 9011.

The Motion is based on the contention that the Petition for Relief under Chapter 7 of the Bankruptcy Code filed on behalf of this corporate Debtor was unauthorized and, therefore, the Chapter 7 case should be dismissed and all fees paid to Barbone by the Corporation should be refunded back to the Corporation. To the extent the Motion seeks sanctions against Taylor and Barbone, it is Appleby's contention that both Taylor and Barbone violated the Bankruptcy Rule 9011 and, therefore, it is appropriate to impose sanctions against both of them. At the evidentiary hearing, the following facts have been established, most of which are basically without dispute and which can be summarized as follows:

The Debtor was incorporated in 1986 in the State of Maryland. The Articles of Incorporation were subscribed by George W. Appleby and William T. Taylor. The Corporate By–Laws provided, inter alia, that the Corporation has two stockholders, Appleby and Taylor, each owning 50% of the outstanding shares, and the Board of Directors shall be composed of Appleby and Taylor (Movant's Exh. # 1). Article 8 of the By–Laws also provided that the President shall be the chief executive of the corporation and shall have the responsibility of the general and active management of the business of the Corporation; that he shall see that all orders and resolutions of the Board are carried into effect; that he has the authority to execute bonds, mortgages and contracts requiring a seal; and that he shall have general superintendence and direction of all other officers of the Corporation. The Articles of Incorporation are obviously a boilerplate form since it includes several provisions which cannot possibly have any application to the Debtor, a closely-held corporation with only two directors and two shareholders.

Although the By–Laws provided that the particular place of business shall be only in Maryland, business activity of this Corporation was carried on in Tampa, Florida until November, 1990, when all business activity of the Debtor in Tampa ceased. By the time the business activity of the Debtor ceased in Tampa, the two shareholders developed an unreconcilable conflict. It is further without dispute that as early as November, 1990, Barbone, who is counsel of record for the Debtor, advised Appleby that he had been retained to represent the Debtor in a Chapter 7 bankruptcy case. (Movant's Exh. # 3). An attorney for Appleby, in turn, advised Barbone in a letter dated November 14, 1990 that Taylor has no authorization to file a Chapter 7 case on behalf of the Debtor. (Movant's Exh. # 4).

In November, 1990, Appleby filed a suit in the Circuit Court for Montgomery Coun-

ty against Taylor. In Paragraph 9 of the Complaint, Appleby alleged that Taylor, without approval of the majority of the stockholders and the Board of Directors, intended to commence a bankruptcy proceeding (sic) on behalf of the Corporation. (Movant's Exh. # 6).

On December 15, 1991, the Circuit Court for Montgomery County, Maryland issued an ex parte injunction prohibiting Taylor to file a petition for bankruptcy. (Movant's Exh. # 5). It is clear, however, that Taylor did not receive a copy of the Order or Complaint for Injunctive Relief until after December 6, 1991, the date on which the Petition for Relief under Chapter 7 was filed. Be that as it may, there is no question that Taylor knew that any attempt by him to file a Chapter 7 Petition on behalf of the Debtor Corporation was unauthorized as far back as November 20, 1990 and would be challenged.

On December 6, 1991, over a year after Appleby filed suit against Taylor, Barbone filed the Petition for Relief under Chapter 7 of the Bankruptcy Code for the Debtors. The Petition was signed both by Taylor and Barbone. On the Petition for Relief, Taylor certified that the filing of the Petition on behalf of the Debtor was authorized. However, the signature of Barbone merely certified that the Debtor requested relief under Chapter 7 of the Bankruptcy Code. (Movant's Exh. # 7).

The Schedule of Liabilities filed with the Petition lists approximately 144 alleged creditors with unliquidated claims of precisely $10.00 each. According to the testimony of Appleby, these parties were never creditors of this Debtor, on the contrary, they were customers of the Debtor and they were scheduled as creditors by Taylor for the sole purpose of damaging the Debtor Corporation.

These are undisputed facts which appear from the record based on which Appleby contends first, that it is appropriate to dismiss this Petition; and second, it is appropriate to impose sanctions against Taylor and Barbone and to order Barbone to refund to the Debtor Corporation attorney's fees he received from the Debtor Corpora-

tion. In support of the contention that Taylor was never authorized to file this Chapter 7 case, Appleby cites *In re Brandon Farmers Market,* 34 B.R. 148 (1983), in which this Court was called upon to consider the identical question, albeit in connection with a Chapter 11 case. In this case, this Court held that under *Fla.Stat.* § 607.111(1), the management of the affairs of a corporation is under the control of the board of directors, and the president of the corporation is not authorized to file a Petition for Relief under Chapter 11 because the filing of a Petition for Relief certainly is not the business of the corporation. In the case of *In re Bel–Aire Investments, Inc.,* 97 B.R. 88 (Bankr.M.D.Fla. 1989), the corporation president, who was one of two corporate directors, was also held not to have the authority to file a Chapter 11 reorganization case without consent of the other director; thus, the dismissal of the Chapter 11 case was appropriate.

■ The fact that these involved Chapter 11 debtors rather than a Chapter 7 debtor is of no consequence, and this Court is satisfied that the distinction urged by counsel for the Debtor is a distinction without difference. The threshold question in this case is whether Taylor, the President of the Debtor Corporation, had the authority to hire Barbone and file a Chapter 7 case. The answer to this question is no. This is so because it is clear that Taylor not only did not have the authority to file the Petition, but he knew he had no authority to do so. Based on the foregoing, it is clear that the motion to Dismiss is well taken and this Chapter 7 case should be dismissed.

■ This leaves for consideration what sanctions, if any, should be imposed against Taylor and Barbone pursuant to Bankruptcy Rule 9011. Bankruptcy Rule 9011 provides in pertinent part as follows:

Bankruptcy Rule 9011. Signing and Verification of Papers.

The signature of an attorney or a party constitutes a certificate that [he] has read the document; that to the best of [his] knowledge, information and belief

formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; ... if a document is signed in violation of this Rule, the Court ... shall impose on the person who signed it, the represented party, or both, an appropriate sanction....

The signature of Taylor on the Petition clearly violated the Certification Rule because he certified by his signature that "the information provided in the Petition is true and correct and that the filing of this Petition on behalf of the Debtor has been authorized...." It is clear that this statement was known to Taylor to be false and certainly was not well grounded in fact. (Movant's Exh. # 7). Taylor's defense that he acted in good faith on the assumption that he had authority to file the Petition is without basis. Taylor also violated Bankruptcy Rule 9011 when he listed 144 alleged creditors who never asserted any claim against the Debtor and who were actually customers of the Debtor. Taylor's claim that he scheduled these "creditors" out of precaution because, although they were actually customers of the Debtor Corporation rather than creditors, they either had service contracts, breach of which might have given them a claim, or they may eventually have warranty claims against the Debtor based on equipment they purchased from the Debtor. While this explanation is clearly questionable, having concluded that Taylor clearly violated Bankruptcy Rule 9011 with his signature on the Petition, it is unnecessary to consider whether or not a verification of the Schedule of Liabilities also will be an additional violation of the Rule.

This leaves for consideration whether Barbone should be required to disgorge fees for filing this unauthorized Chapter 7 Petition in addition to being sanctioned. In light of the fact that Barbone will have to testify in this proceeding, this Court agreed to continue this aspect of the proceeding in order to enable Barbone to secure counsel to represent his interest at the evidentiary hearing where this Court will consider what sanctions, if any, should be imposed against Barbone.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the above-captioned Chapter 7 Petition be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that sanctions are imposed against William T. Taylor in an amount necessary to compensate Mr. Appleby for attorney fees and expenses incurred in having this Chapter 7 bankruptcy petition dismissed. It is further

ORDERED, ADJUDGED AND DECREED that Dennis LeVine, Mr. Appleby's attorney, and Mr. Appleby are to submit to the Court within 10 days of the date of this Order a schedule of fees and expenses incurred in connection with this Motion. Mr. Taylor has ten days thereafter within which to file an Objection. This Court will hold a final evidentiary hearing to determine the appropriate sanctions against Mr. Taylor and also to consider what sanctions, if any, shall be imposed on Michael J. Barbone, counsel of record for the above-captioned Debtor. The final evidentiary hearing will be held before the undersigned on March 30, 1992 at 11:00 am in Courtroom A, 4921 Memorial Highway, Tampa, Florida, It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned Chapter 7 case be, and the same is hereby, dismissed with the proviso that this Court will retain jurisdiction of this matter to determine the appropriate sanctions to be imposed on both Mr. Taylor and Mr. Barbone.

DONE AND ORDERED.