In re SOUTHWEST EQUIPMENT RENTAL d/b/a Southwest Motor Freight, Debtor.

C. Kenneth STILL, Trustee in Bankruptcy, Plaintiff,

v.

FUNDSNET, INC., and First Data Resources, Inc., Defendants.

Bankruptcy No. 1–88–00033. Adv. No. 1–89–0054.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 23, 1992.

See also 137 B.R. 263.

**208**

Gary R. Patrick & Cara J. Alday, Patrick, Beard & Richardson, Chattanooga, TN, for plaintiff.

Bruce C. Bailey, Chambliss & Bahner, Chattanooga, TN, and C. Thomas Wesner, Jr., Wesner, Coke, Boyd & Clymer, Dallas, TX, for defendants.

### MEMORANDUM

RALPH H. KELLEY, Chief Judge.

The bankruptcy trustee for Southwest Equipment Rental brought this suit against Fundsnet and First Data to recover the amount of alleged preferential payments that they received from Southwest before its bankruptcy. The defendants have filed motions to dismiss. They argue that Southwest's bankruptcy case must be dismissed for lack of jurisdiction, and since this lawsuit is solely for the benefit of the bankruptcy estate, it must also be dismissed for lack of jurisdiction.

The defendants contend that Southwest's bankruptcy case must be dismissed because its voluntary bankruptcy petition was not properly authorized by its board of directors. Their argument against the voluntary petition focuses on how many directors Southwest was required to have, who was properly elected to the board of directors, and whether the proper procedures were followed by the directors. All their arguments concern the internal governance of the corporation. However, the defendants are not shareholders of Southwest and do not hold any shares as pledgees. They are merely creditors of Southwest.

The Bankruptcy Act of 1898 provided that the court would enter a separate order adjudicating the debtor a bankrupt after the debtor filed a voluntary bankruptcy petition. The law was changed so that the filing of the voluntary petition was an adjudication. 2 JAMES W. MOORE, COLLIER ON BANKRUPTCY ¶ 18.46 (14th ed.1988). The current law, the Bankruptcy Code, follows this procedure. 11 U.S.C.A. §§ 301 & 303 (West 1979 & Supp.1992). The filing of a voluntary bankruptcy petition constitutes an order for relief. The court does not enter a separate order for relief in a voluntary case.

■ This change in procedure does not undercut the Supreme Court's holding under the earlier law that creditors do not have standing to contest a corporation's voluntary bankruptcy on the ground that the directors did not authorize it.

> Even if action of directors authorizing the filing of a voluntary petition ... were in excess of the authority conferred, or otherwise invalid, creditors could not for that reason attack the consequent adjudication. The question is purely one of the internal management of the corporation. Creditors have no standing to plead statutory requirements not intended for their protection. If the stockholders' rights had been infringed, and they chose to waive them, a creditor could not assert them in opposing an adjudication.

*Royal Indemnity Co. v. American Bond & Mortgage Co.*, 289 U.S. 165, 171, 53 S.Ct. 551, 554, 77 L.Ed. 1100 (1933). The Supreme Court's later decision in *Price v. Gurney* did not change this rule. *Price v. Gurney*, 324 U.S. 100, 65 S.Ct. 513, 89 L.Ed. 776 (1945).

The Supreme Court's decision in *Royal Indemnity* was neither the first nor the last to reach the same result. *Chicago Bank of Commerce v. Carter*, 61 F.2d 986 (8th Cir.1932); *In re Fox West Coast Theatres*, 25 F.Supp. 250 (S.D.Cal.1936), *aff'd* 88 F.2d 212 (9th Cir.), *cert. den. Talley v. Fox Films Corp.*, 301 U.S. 710, 57 S.Ct. 944, 81 L.Ed. 1363, *reh. den.* 302 U.S. 772, 58 S.Ct. 7, 82 L.Ed. 598 (1937); *In re Pneumatic Tube Steam Splicer Co.*, 60 F.2d 524 (D.Md.1932); *In re United Grocery Co.*, 239 F. 1016, 39 Am.Bankr.Rep. 50 (S.D.Fla. 1917). *See generally* 2 JAMES W.

MOORE, COLLIER ON BANKRUPTCY ¶ 18.48 at 202–203 (14th ed. 1988). The Sixth Circuit had reached the same result earlier in *In re Ann Arbor Machine Corp.*, 274 F. 24, 48 Am.Bankr.Rep. 60 (6th Cir.1921).

The bankruptcy courts in Florida have reported several cases in which someone questioned whether a corporation's voluntary bankruptcy case was properly authorized by the directors. The Florida bankruptcy courts have dismissed such cases when the motion to dismiss was filed by another shareholder. *In re AT Engineering, Inc.*, 138 B.R. 285 (Bankr.M.D.Fla. 1992); *Winter v. Bel–Aire Investments, Inc. (In re Bel–Aire Investments, Inc.)*, 97 B.R. 88 (Bankr.M.D.Fla.1989); *In re King Brand Food Products, Inc.*, 52 B.R. 109 (Bankr.S.D.Fla.1985); *In re Minor Emergency Center of Tamarac, Inc.*, 45 B.R. 310 (Bankr.S.D.Fla.1985); *In re Brandon Farmer's Market, Inc.*, 34 B.R. 148 (Bankr. M.D.Fla.1983).[1] However, the bankruptcy court in one district has also applied the rule that a creditor cannot obtain dismissal of a corporation's voluntary case on the ground that the directors did not authorize it. *In re Professional Success Seminars Int'l, Inc.*, 18 B.R. 75 (Bankr.S.D.Fla.1982).

A creditor can argue that the Supreme Court's decision has been overruled by the bankruptcy statutes. The bankruptcy statutes allow any party in interest to ask that a corporation's bankruptcy case be dismissed for cause. 11 U.S.C.A. § 707(a), 1112(b) & 1208(c) (West 1979 & Supp.1992) A creditor is a party in interest. Failure of the directors to authorize a corporation's bankruptcy filing is also cause for dismissal of a bankruptcy case. It seems to follow that a creditor can obtain dismissal of a corporation's bankruptcy on the ground that the directors did not authorize it in accordance with state law or the corporation's by-laws.

However, the law was essentially the same when the Supreme Court made its decision. The failure of the directors to properly authorize the bankruptcy filing was a ground for vacating an adjudication, but it was a ground that the lower courts and the Supreme Court denied to creditors. 2 JAMES W. MOORE, COLLIER ON BANKRUPTCY ¶ 18.48 at 202–203 (14th ed. 1988).

In Chapter 11 cases, § 1109 adds to the argument that the Supreme Court's decision has been overruled by statute. Section 1109 says that any party in interest, including a creditor, may raise and may appear and be heard on any issue in a Chapter 11 case. 11 U.S.C.A. § 1109(b) (West 1979); *see In re Memphis–Friday's Associates*, 88 B.R. 821, 17 Bankr.Ct.Dec. 1079, 18 Collier Bankr.Cas.2d 1360 (Bankr. W.D.Tenn.1988). However, it would be stretching the meaning of § 1109 to say that it overruled the Supreme Court's decision. The statute does not necessarily mean that every party in interest can obtain relief on every issue. In other words, the right to raise an issue and to appear and be heard is not the same as standing.

The court concludes that the Supreme Court's decision has not been overruled by statute.

"Standing" was not, perhaps, the best explanation for the Supreme Court's decision. Any creditor has a stake in whether the debtor's bankruptcy case will continue or will be dismissed. This gives rise to the argument that a creditor should be able to obtain dismissal of a corporation's voluntary bankruptcy case on the ground that the directors did not properly authorize it. *In re Giggles Restaurant, Inc.*, 103 B.R. 549 (Bankr.D.N.J.1989). Why, then, did the Supreme Court hold that a creditor does not have standing?

The court believes that there is an underlying practical reason for the rule. A creditor usually does not move for dismissal of a bankruptcy case out of concern for the debtor or other creditors. This case presents a good example. The trustee argues that the defendants received preferential payments. If the trustee wins, the defen-

---

1. Two earlier Florida cases do not reveal the status of the parties who filed the motions to dismiss. *In re American Int'l Industries, Inc.*, 10 B.R. 695, 7 Bankr.Ct.Dec. 586 (Bankr.S.D.Fla. 1981); *In re Al–Wyn Food Distributors, Inc.*, 8 B.R. 42, 7 Bankr.Ct.Dec. 126 (Bankr.M.D.Fla. 1980).

dants will be forced to pay back the money they received so that the money can be shared with other unsecured creditors. The defendants want the bankruptcy case and this lawsuit dismissed to protect the payments they received. They are not trying to protect the rights of shareholders or other creditors. They don't care.

The court sees no reason in this case to depart from the general rule announced by the Supreme Court. Assuming the directors did not properly authorize Southwest's bankruptcy filing, the court does not see why that should be a ground for dismissal on the motion of the defendants. The defendants are merely creditors and want the case dismissed to protect payments they received before the bankruptcy, without regard to whether dismissal will help or harm other creditors.

Judge Brown's decision in *In re Memphis–Friday's Associates* does not disagree with the general rule. *In re Memphis–Friday's Associates*, 88 B.R. 821, 17 Bankr. Ct.Dec. 1079, 18 Collier Bankr.Cas.2d 1360 (Bankr.W.D.Tenn.1988). A creditor argued that the order for relief in a supposedly voluntary partnership case should be vacated because only one of two general partners agreed to the bankruptcy filing. Though Judge Brown allowed the creditor to raise the issue, he did not dismiss the case on the creditor's motion. He ordered that the case be treated as an involuntary case against the partnership, and the other general partner allowed time to object. The other general partner did not object, and the case continued as an involuntary, which made the creditor's motion moot. *In re Memphis–Friday's Associates*, 88 B.R. 830 (Bankr.W.D.Tenn.1988).

The result is consistent with the Sixth Circuit's decision in *In re Ives*, 113 F. 911, 7 Am.Bankr.Rep. 692 (6th Cir.1902). In that case, a creditor argued that a partnership case should be dismissed because one general partner was mentally incompetent when he supposedly consented to the bankruptcy. The Sixth Circuit held that the creditor did not have standing to object to the voluntary petition on that ground.

Thus, as a general rule, a creditor does not have standing to object to a corporation's voluntary bankruptcy case on the ground that the board of directors did not properly authorize it. Unusual facts may create exceptions to the rule. *Cf. In re Memphis–Friday's Associates*, 88 B.R. 821 (Bankr.W.D.Tenn.1988). But the facts in this case are not unusual. Indeed, this case shows why the general rule is the general rule.

The court will enter an order denying the motions to dismiss to the extent they are based upon the alleged failure of Southwest's directors to authorize the filing of Southwest's voluntary bankruptcy petition.

### ORDER

The defendants have filed motions to dismiss based on the argument that the voluntary bankruptcy petition filed by Southwest Equipment Rental was not properly authorized by its board of directors. The defendants argue that since the bankruptcy petition was not properly authorized, this suit must be dismissed because (1) the court does not have subject matter jurisdiction, or (2) the trustee does not have capacity to sue because the bankruptcy case must be dismissed. In accordance with the court's memorandum opinion entered this date, the court denies the motions to dismiss for lack of subject matter jurisdiction or lack of capacity to sue.

The court reserves ruling on other grounds for dismissal argued in the defendants' motions, namely First Data's argument that it cannot be liable as a shareholder of Fundsnet and the boilerplate arguments that the complaint for other, unexplained reasons fails to state a claim upon which relief can be granted. The court does not intend to rule on these grounds before a final pre-trial. This lawsuit has lingered too long. The court will enter a separate order for trial memoranda by the parties, and will set a pre-trial conference once the trial memoranda are filed.