### In re PROFESSIONAL SUCCESS SEMINARS INTERNATIONAL, INC., Debtor.

**Bankruptcy No. 81–02095–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

Feb. 5, 1982.

Gary Zwickel, Lake Worth, Fla., for debtor.

Robert S. Levy, West Palm Beach, Fla., for Gordon Associates.

### ORDER DENYING MOTION TO DISMISS

THOMAS C. BRITTON, Bankruptcy Judge.

Gordon Associates, a creditor in this bankruptcy proceeding, has filed a motion to dismiss this voluntary chapter 7 petition. (C.P.No. 7). The debtor opposes the motion on the ground that the creditor has no standing to challenge the corporation's bankruptcy petition. (C.P.Nos. 16, 17, 18). The matter was heard on February 2.

The debtor, a corporation, filed its petition on December 17. The commencement of a voluntary case constitutes an order for relief. 11 U.S.C. § 301.

The grounds for dismissal challenge the form and verification of the petition, the authority of Donald Campagna to sign the petition on behalf of the corporation, and the lack of corporate authorization for the filing. The creditor challenges the substance of the petition and the court's jurisdiction over the corporate debtor by relying on the ground of lack of authorization.

■ Creditors may not move to vacate a voluntary order for relief because of some irregularity in the meeting authorizing the filing of the petition, or on the ground that it was not authorized by the stockholders or corporate directors. 2 *Collier on Bankruptcy* (15th ed.) ¶ 301.20[3] n. 18.

■ The Fifth Circuit precedent, which of course I follow, is clear that a creditor lacks standing to oppose an adjudication. The creditor lacks standing whether the grounds assert lack of jurisdiction or irregularity in the substance and procedure of adjudication. *In re Jack Kardow Plumbing Co.*, 5 Cir. 1971, 451 F.2d 123, 129.

■ Accordingly, the creditor lacks standing to move for dismissal of this bankruptcy petition. The motion is denied with prejudice.