**In re: ZARAGOSA PROPERTIES, INC., Debtor.**

**Bankruptcy No. 92–9604–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 29, 1992.

Jeremy E. Gluckman, Tampa, FL, for Angela Cudlipp and Cudlipp Const. and Development Co.

Benjamin E. Lambers, Tampa, FL, for Asst. U.S. Trustee.

Larry M. Foyle, Tampa, FL, for debtor.

Domenic L. Massari, III, Tampa, FL, for Albert Ballard.

ORDER ON "MOTION TO DISMISS AND FOR AWARD OF SANCTIONS UNDER F.R.B.P. 9011" (sic)

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case and the matter under consideration is a "Motion To Dismiss And For Award Of Sanctions Under F.R.B.P. 9011" (sic). At the duly noticed hearing, this Court having considered the record and heard statement of counsel now finds and concludes as follows:

The voluntary Petition for Relief on behalf of Zaragosa Properties, Inc. (Debtor) was filed on July 20, 1992. The Petition was signed by Albert Ballard (Ballard) who declared under penalty of perjury that the filing of the Petition on behalf of the Debtor had been authorized. The Petition identified Larry M. Foyle (Foyle) as counsel of record for the Debtor. On July 22, 1992, the United States Trustee (Trustee) filed a Motion and sought dismissal or, in the alternative, conversion of this Chapter 11 case. The Motion filed by the Trustee alleged that, according to the testimony of Ballard at the meeting of creditors, Ballard is not an officer of this corporation, although he claims he was authorized to file the Petition on behalf of the Debtor. In addition, the U.S. Trustee alleges that the Debtor-in-Possession failed to comply with the requirements of this Court in that it failed to: file monthly operating reports; provide proof of establishment of a Debtor-in-Possession bank account; provide proof that post-petition taxes had been paid; provide proof of insurance, and furnish copies of certain tax reports. The Motion further alleges that Ballard appeared at the original meeting of creditors and testified that he was not an officer of the Debtor corporation. The meeting was continued, and only one creditor, Stephen Jorgensen (Jorgensen), appeared to testify while no one appeared on behalf of the corporate Debtor. It is further alleged in the Motion that Mr. Jorgensen testified that the filing was a sham. Based on the foregoing, the Trustee moved and sought a dismissal of this Chapter 11 case for cause, and in the alternative, sought conversion to a Chapter 7 liquidation case. On November 13, 1992, this Court entered an Order and granted the Motion of the Trustee and dismissed this Chapter 11 case. The Order of Dismissal reserved jurisdiction to consider any request for the imposition of sanctions.

On November 4, 1992, or prior to the entry of the Order of Dismissal, Angela S. Cudlipp and Cudlipp Construction and Development Company (Cudlipps) filed the present Motion under consideration, in which they sought the dismissal of the Chapter 11 case and an award of sanctions against Ballard and Foyle pursuant to F.R.B.P. 9011. Cudlipps sought dismissal of the Chapter 11 case on the basis that the Petition was not signed by an authorized corporate officer and in fact, was not signed by any corporate officer. In their Motion, Cudlipps alleged that Ballard represented, under penalty of perjury, that he had the authority to file a Petition on behalf of the Debtor when, in fact, he did not. In making this allegation, Cudlipps relied on an exhibit to the Motion of September 21, 1992, a letter written by one Eduardo de Alba addressed to Jorgensen, an attorney in Santa Monica, California. The Motion fails to allege any facts which would warrant any proceedings against Foyle, but the record clearly contains sufficient facts which warrant further inquiry into this matter to determine whether or not Ballard violated F.R.B.P. 9011.

In opposing the Motion, counsel for Ballard urges that creditors have no standing to challenge the voluntary Petition for Relief under the Bankruptcy Code on the basis that the person who signed the Petition had no authority to do so. In support of this proposition, counsel for Ballard cites *In re Jack Kardow Plumbing, Inc.*, 451 F.2d 123 (11th Cir.1971), and *In re Professional Success Seminars International, Inc.*, 18 B.R. 75 (Bankr.S.D.Fla. 1982). In *Jack Kardow*, the Eleventh Circuit, speaking through Judge Wilkey, held that creditors have no standing to oppose the adjudication in an involuntary bankruptcy case. *Jack Kardow* can be distinguished from the case presently before this Court. First, the case was filed under the Bankruptcy Act of 1898; and second, it was an involuntary case and did not involve the lack of authority to commence a bankruptcy case. This Court is in full agreement with the well-established proposition that creditors do not have standing to challenge an involuntary petition, *see In re Jack Kardow, supra.* It equally makes sense that creditors do not have a standing to seek a dismissal of a voluntary petition of a Debtor who is otherwise eligible for relief under the Code. Be that as it may, inasmuch as this case already has been dismissed, it is unnecessary to discuss the

standing, *vel non,* of creditors who seek a dismissal of a voluntary case. This leaves for consideration the sole issue whether or not it is appropriate to proceed further and consider the alternative relief sought by the creditors, which is the imposition of sanctions pursuant to F.R.B.P. 9011.

There is no question Ballard signed the Petition and certified that he had the authority to do so. There are sufficient facts in this record to indicate that Ballard was neither an officer, director nor stockholder of this corporation, and it appears that the facts, certified by Ballard by his signature to be true, in fact, are false. Based on the foregoing, this Court is satisfied that it is unnecessary to decide whether or not creditors do or do not have standing to initiate the imposition of sanctions. This matter, however, is appropriate for further inquiry by the Court based on F.R.B.P. 9011, which provides that when it appears that a document is in violation of F.R.B.P. 9011, the Court on motion or *on its own initiative* (emphasis supplied) shall impose sanctions on the person who signed it.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Dismiss is denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that a ruling on the "Motion For Award Of Sanctions Under F.R.B.P. 9011" (sic) is deferred, and Albert Ballard is ordered to appear before the undersigned on February 22, 1993 at 11:00 a.m. in Courtroom A, 4921 Memorial Highway, Tampa, Florida 33634, to show cause, if he has any, why sanctions should not be imposed against him for violation of F.R.B.P. 9011. It is further

ORDERED, ADJUDGED AND DECREED that service by certified mail of a copy of this Order on Ballard and counsel for Ballard shall be deemed to be good and sufficient service.

DONE AND ORDERED.